C. W. KNOTT et al.

v.

WILLIAM G. SWANNELL.

1. BILL OF EXCEPTIONS—*when necessary.* Where there is no bill of exceptions, the Supreme Court can not inquire into the sufficiency of the evidence to sustain the finding, nor to the correctness of the ruling in refusing a new trial.

2. AFFIDAVIT OF CLAIM—*not open to contest after default.* Where a defendant makes default, he waives all objection that might have been urged to the affidavit of claim filed with the declaration. It matters not how deficient it may be, after default.

3. VARIANCE—*joint and several note described as jointly made.* In a suit upon a promissory note which read, "I promise to pay," etc., and signed by two persons, the note was described in the declaration as having been made jointly by the defendants: *Held,* the note was joint and several, and hence there was no material variance between the count and the note.

APPEAL from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. LAKE, MOORE & KNOTT, for the appellants.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellants, on a promissory note, of which this is a copy:

"*Kankakee, April* 1, 1873.

Thirty days after date I promise to pay to the order of Wm. G. Swannell one thousand dollars, with ten per cent per annum after date, value received.

  (Signed)    C. W. KNOTT,

         DANIEL T. VAN METER."

Judgment by default was rendered against appellants for $1347.50.

The clerk's transcript of the record shows that a motion for a new trial was made and overruled, but this is not embodied in a bill of exceptions, and can not, therefore, be considered.

The only objections urged against the judgment are :

1st, There is a variance between the note described in the declaration and that a copy of which is annexed to the declaration.    2d, The affidavit filed with the declaration does not disclose who was the rightful owner of the note at the time of the bringing of the suit, nor does the affidavit show the amount of plaintiff's claim.

We can not believe either of these objections is urged in good faith.

There being no bill of exceptions the court can not inquire into the sufficiency of the evidence to sustain the finding, nor the correctness of the ruling in refusing a new trial. *Miller* v. *Dobson*, 1 Gilm. 572; *Wilson* v. *McDowell*, 65 Ill. 522; *St. Louis, Alton and Terre Haute Railroad Company* v. *Dorsey*, 68 id. 326; *Seibel* v. *Vaughan*, 69 id. 257; *Nason* v. *Letz*, 73 id. 371.

Even if the affidavit filed with the declaration were conceded to be insufficient, this could not help appellants.    Had they appeared and objected to filing an affidavit of merits with their pleas, it would then have been important to have inquired whether the plaintiff's affidavit was sufficient.    But having made default, they have waived all objection that might otherwise have been urged on account of the affidavit filed with the declaration.    *Kern* v. *Strasberger*, 71 Ill. 303.

But even if these objections had been urged in apt time, they are totally destitute of merit, and are frivolous.

The note is joint and several, and hence there is no material variance between the count describing it as jointly made by the defendants and the copy annexed to the declaration.    1 Parsons on Bills and Notes, 251, and cases cited in note "K."

The affidavit is in substantial conformity with the requirements of the 37th section of the Practice act.    Rev. Stat. 1874, p. 779.

The judgment is affirmed.

*Judgment affirmed.*