[No. 148.    Decided March 5, 1891.]

GEORGE DELFEL v. MARTHA HANSON, JOSEPH A. HANSON, ROYAL J. N. HANSON AND EDWARD P. HANSON.

INTOXICATING LIQUORS—ACTION FOR INJURIES—PARTIES—
DAMAGES.

Where a widow and minor children sue jointly for the death of the husband and father, under § 2059, Code 1881, giving a right of action for injuries resulting from the intoxication of any person, there is a misjoinder of parties plaintiff, as the words "severally or jointly" in said section refer to defendants and not to plaintiffs.

Where a complaint, in an action for damages for injuries caused by the use of intoxicating liquors, bases the claim for damages on the injury to plaintiffs' means of support, it is error for the court to instruct the jury that plaintiffs would be entitled to damages for injuries to their property, person or means of support.

*Appeal from Superior Court, King County.*

Action by appellees as widow and children of J. N. Hanson, deceased, to recover damages for his death, under § 2059 of the code. There was no allegation in the complaint that plaintiffs sustained any damages, except to their means of support. The court instructed the jury that under the evidence the plaintiffs would be entitled to any damages that they may have sustained by reason of the intoxication of deceased to their property, person or means of support.

*Richard Osborn, Thompson, Edsen & Humphries,* and *Lewis & Gilman,* for appellant.

There is a misjoinder of causes of action and of parties plaintiff. *Rantz v. Barnes,* 40 Ohio St. 45; *Davis v. Justice,* 31 Ohio St. 369 (27 Am. Rep. 514); *Emory v. Addis,* 71 Ill. 277; *Fountain v. Draper,* 49 Ind. 449; *Barnaby v. Wood,* 50 Ind. 407; *English v. Beard,* 51 Ind. 489; *Hackett v. Smelsley,* 77 Ill. 117; *Baker v. McCoy,* 58 Ind. 220; *Durein v. Pontious,* 34 Kan. 350 (8 Pac. Rep. 428).

The instruction of the court that plaintiffs were entitled to damages for injuries to their property, persons or means of support was too broad and misleading. *Jackson v. Noble,* 54 Iowa, 641; *Kearney v. Fitzgerald,* 43 Iowa, 580.

*N. Soderberg,* and *T. C. McDivitt,* for appellees.

We cite the court to the following authorities, where the widow joined with her children in an action against a saloon keeper, under statutes not nearly so broad as ours: *Roose v. Perkins,* 9 Neb. 304 (31 Am. Rep. 410); *Kerkow v. Bauer,* 15 Neb. 150 (18 N. W. Rep. 27); *Jones v. Bates,* 26 Neb. 693 (42 N. W. Rep. 751).

The opinion of the court was delivered by

HOYT, J.—The widow and three minor children joined in an action under § 2059 of the code to recover for the

death of the husband and father, brought about by his intoxication caused in part by liquor sold him by the defendant. The record presents many important questions, but the argument here has been almost exclusively confined to two of them, and, as the others are doubtful and unimportant, we shall only decide those argued. The first claim of appellant is, that there was a misjoinder of parties plaintiff. That the four plaintiffs who, under our statute, each have a separate cause of action, could not join in an action, unless by statute authorized so to do, is elementary. It is contended, however, that the section under which the action was brought specially authorized them to sue jointly or severally. The section is as follows:

"Every husband, wife, child, parent, guardian, employé, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person; and any person or persons owning, renting, leasing, or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who, having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors, shall, if any such liquors sold or given therein have caused, in whole or in part, the intoxication of any person, be liable, severally or jointly, with the persons selling or giving the intoxicating liquors as aforesaid, for all damages sustained, and the same may be recovered in a civil action, in any court of competent jurisdiction. A married woman may bring such action in her own name, and all damages recovered by her shall inure to her separate use; and all damages recovered by a minor under this chapter shall be paid either to such minor, or to such person in trust for him, and on such terms as the court may direct. In case of the death of either party, the action and right of action to or against his executor or administrator shall survive."

It is contended, on the one hand, that the words "jointly and severally" refer to the plaintiffs; and on the other, that they refer to the defendants. We think the latter construction the true one. The other construction would lead to such absurd results that it could not be presumed to have been intended by the legislature. Under the section thus construed, it would be competent for any number of persons, however differently injured, to join in one action; and we might have a case where one person was seeking to recover for the killing of a horse, and another for the loss of an arm. That causes of action thus distinct and several could not properly be joined in an action is too manifest for argument; and even if the statute had provided, in express terms, for such joinder, there could be no real unity of interests between the plaintiffs, for the reason that, though the remote cause of the loss to each would be the same, the immediate cause might be entirely and widely separated acts of the intoxicated person. Besides, the elements that entered into the question of damages would have nothing in common. We think the legislature has not used language that compels us to adopt such an absurd construction. On the contrary, the language can be given its full force, and the words "jointly severally" held to apply to the defendants, which not only avoids any absurdity, but tends greatly to increase the benefits of said section, by allowing the injured party in one suit to sue any or all who have contributed to the intoxication of the person through whom the injury was received.

The appellant also contended that the evidence showed that the death of the husband and father was not caused by his intoxication, and that for that rerson the verdict is wrong. But as this question is one of fact for the jury, under proper instructions, and as the facts may be different upon a retrial of the cause, it would be profitless to discuss

it now.   The effect of the instructions have not been largely commented upon, and we shall not review them more than to say that there was nothing in the case to authorize any recovery other than for loss of support, and the instructions should have confined the jury to that element of damages.   The judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

SCOTT, J., not sitting.