## Helmuth et al. v. Bell et al.

1. *Parties Litigant—Minors by Their Next Friend or Guardian.*— The objection that the suit was improperly brought by minors in not suing by their next friend or guardian, can not be taken advantage of for the first time in the Appellate Court. The objection should have been raised in the court below before the trial.

2. *Bill of Exceptions—Inference from its Absence.*—In the absence of a bill of exceptions everything depending upon the evidence is inferred in favor of the verdict.

3. *Verdicts.*—In a suit brought under the Dram Shop Act, the jury returned the following verdict: "We find the defendants guilty, as charged in the declaration, and assess plaintiff's damages at $5,000; $1,500 to Sarah Bell and $700 each to Lucinda Bell, Hugh Bell, Mary Bell, Sarah Bell and John Bell. *It was held,* no objection having been taken to it in the trial court, that the form of the verdict was not injurious to the defendants; it was in the gross sum of $5,000, and the finding of the jury as to how it should be distributed between the plaintiffs did not concern the defendants.

4. *Parties—Misjoinder of Plaintiffs.*—A misjoinder of parties plaintiff should be taken advantage of by demurrer, plea in abatement, or at least by a motion in arrest of judgment in the trial court. It comes too late when made for the first time upon error in the Appellate Court.

5. *Dram Shops—Parties in Action for Damages.*—It seems that under Sec. 9 of the Dram Shop Act, allowing a joint or several action to be brought, the person or persons entitled to the action may sue jointly. The fact, whether they can or not, is a mere technicality of law, and should be taken advantage of, if at all, in apt time. Where all join, a multiplicity of suit is avoided and no damage done to the defendants, because in the distribution of the property among the plaintiffs, the defendant is an indifferent party.

6. *Parties—Actions Under the Dram Shop Act.*—An action under Sec. 9 of Chap. 43, R. S., commonly called the Dram Shop Act, was brought against two defendants jointly. The declaration charged one of the defendants with the sale of the liquors in question, and in order to fix the liability of the other, it was charged that the building in which the liquors were sold was the joint property of both, and jointly occupied by them, and that both knowingly permitted the premises so occupied by them to be used and occupied for the sale of intoxicating liquors therein. *It was held,* that the declaration was good as to both.

7. *Bill of Exceptions—Its Office.*—In case there is no bill of exceptions the Appellate Court can not inquire as to the evidence, or the ruling in refusing a motion for a new trial.

**Memorandum.**—Action in case under the Dram Shop Act. Plea of not guilty. Judgment for plaintiffs. Error by the defendant to the City Court of Aurora; the Hon. James Shaw, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

## Statement of the Case.

This is an action in case under chapter 43, R. S., commonly called the Dram Shop Act, by Sarah Bell, a widow, and her five minor children, who were joined with her as co-plaintiffs to recover damages. Arthur Bell, the husband and father, was accidentally drowned, and the plaintiffs charged that his death was caused by liquor sold him by the defendant Jacob Helmuth, the other defendant, Albertina Helmuth, being charged as the owner of the premises. A trial was had, which resulted in a verdict against the defendants, and judgment rendered thereon. The defendants bring the case to this court upon a writ of error.

## Plaintiffs' Brief, Little & Avery and Alshuler & Murphy, Attorneys.

In the States of Ohio and Indiana, whose statutes in this regard are like our own, the courts have held that the term "jointly or severally," as used in the statute applied to the defendant, and authorized the bringing of one suit against any number of persons contributing to the injury or intoxication. Rantz v. Barnes, 40 O. St. 45; Davis v. Justice, 31 O. St. 369; Barnaby v. Wood, 50 Ind. 407; English v. Beard, 51 Ind. 489; Baker v. McCoy, 58 Ind. 220; Delfel v. Hanson et al., 2 Wash. 194, 26 Pac. Rep. 220; Durein et al. v. Pontious, 34 Kan. 353.

If a misjoinder of parties plaintiff appear from the face of the plaintiffs' pleadings, the defendant may bring error, as has here been done. Saunders on Pl. and Ev., 11, tit. Misjoinder, citing 2 Saun. 115–116; Cook v. Bachelor, 3 B. & P. 150; 1 Roll. Ab., 31 Pl.; Vaux v. Stewart, Sty. 156; Sands v. Childs, 3 Lev. 352.

## Defendants' Brief, B. F. Herrington, Attorney.

In the absence of a bill of exceptions, everything is to be presumed in favor of the action of the court below. Smith v. Gilman, 38 Ill. App. 393. Where there is no bill of exceptions the court can not inquire as to the evidence nor ruling in refusing a motion for a new trial. Knott v. Swannell, 91 Ill. 25.

Objection to form of the verdict must be made in the court below. Moss v. Village of Oakland, 88 Ill. 109; Knowlton v. Fritz, 5 Brad. 217.

It can not be made for first time in Appellate Court. Schlencker v. Risley, 3 Scam. 483; State Bank v. Batty, 4 Scam. 200; Parmelee v. Smith, 21 Ill. 623; Davis v. The People, 50 Ill. 199.

Surplusage will not vitiate a verdict. Armstrong v. People, 37 Ill. 459.

Informality should not vitiate, where the verdict does substantial justice, and the party against whom it is rendered

shows no merits. Bates v. Williams, 43 Ill. 494; James v. Morey, 44 Ill. 352.

A widow and her children, constituting one family, may join in an action for loss of means of support caused by the intoxication of the husband and father, against those who sold him the liquor. Jones v. Bates, 26 Neb. 693; Kerkow v. Bauer, 15 Neb. 150.

OPINION OF THE COURT, LACEY, J.

This was an action in case brought by the defendants in error, Sarah Bell, the wife of Arthur Bell, deceased, Lucinda E. Bell, Hugh Bell, Mary Bell, Sarah Bell, and Jane A. Bell, the minor children of the said Sarah Bell and Arthur Bell, deceased, in the Circuit Court of Kendall County, against the plaintiffs in error, Jacob Helmuth and Albertina Helmuth, afterward removed by change of venue to the City Court of Aurora, Kane County, where it was tried, resulting in a verdict of $5,000 against the defendants, upon which judgment was rendered by the court. From such judgment this writ of error is sued out. The action was brought under the Dram Shop Act. The declaration containing seven counts, six of the counts charge Jacob Helmuth of being engaged in the retail traffic in intoxicating liquors in the village of Yorkville and on the 16th day of May, 1890, sold, gave and furnished to the deceased, Arthur Bell, and thereby causing the said Bell to become so intoxicated that he was cast out of a boat in which he was riding on Fox river by reason of such intoxication and was drowned; and also in some of the counts of the declaration charging the sales of the intoxicating liquors to have been made to one James Wilcox, who became intoxicated and assumed the management of the boat, and the said Arthur Bell, who was also then in and upon the boat, being upon the said stream of water, and the said Wilcox in consequence of such intoxication was unable to manage or control the said boat, and did not properly manage and control it, and in consequence of the said intoxication caused the said boat to rock, sway and tip and become unmanageable,

and as a consequence the said Wilcox, one Frank Griffith, who was also on the boat, and the deceased, Bell, were all thrown out of the boat and were drowned. As an addition to all the counts of the declaration, in order to connect Albertina Helmuth and make her responsible with her co-plaintiff in error, it is charged that during all the time that Jacob Helmuth was engaged in the retail traffic of intoxicating liquors in a certain building, then and there occupied and owned by the plaintiffs in error, situated in the said village of Yorkville and known as the City Hotel, describing it as on a certain lot in the village, she was the owner thereof with the said Jacob Helmuth and with him occupied the same, and during the time they so owned and occupied the same the said Jacob Helmuth gave and furnished the intoxicating liquors that caused the death of the said Arthur Bell in manner as charged in the declaration, and that both the plaintiffs in error knowingly permitted the premises so occupied by them to be used and occupied as aforesaid for the sale of intoxicating liquors therein. The suit was instituted to recover damages to the means of support of the defendants in error as the widow and children of Arthur Bell, deceased, who were left by the death of the said Arthur Bell without any means of support. The verdict of the jury was in the following form, to-wit: "We find the defendants guilty as charged in the declaration, and assess plaintiffs' damages at the sum of $5,000—$1,500 to Sarah Bell, and $700 each to Lucinda Bell, Hugh Bell, Mary Bell, Sarah Bell and Jane A. Bell." Motion was made by plaintiffs in error for a new trial, which motion was denied and exceptions taken. The court then rendered judgment upon the verdict against the plaintiff in error for $5,000, and ordered that sum to be divided between the defendants in error according to the terms of the verdict.

The defendants, now plaintiffs in error, before issue joined, demurred to the declaration, which demurrer was overruled, and the plaintiffs in error pleaded not guilty. The only errors assigned in this court are, that the court erred in overruling the demurrer to the declaration and the

amended declaration, and receiving and entering the verdict of the jury, and in denying the motion for a new trial and rendering judgment on the verdict, and that the verdict and judgment were generally erroneous.    There was no bill of exceptions preserved in the record.    It is complained in the first place by counsel for plaintiffs in error, that the suit was improperly brought by the minors in not suing by their next friend or guardian.    This objection comes too late; such fact can not be taken advantage of the first time in this court.    It should have been done in the court below before trial.    If the objection had been made in apt time, a next friend or guardian could have been appointed by the court, the declaration amended, and the trial could have proceeded; nothing of the kind was done.    It has been decided by the Supreme Court of this State, that an infant may sue out a writ of error in his own name and his proceeding in his own name can not be taken advantage of after the opposite party has joined in error.    McClay, Admr., et al. v. Norris, 4 Gil. 370.    Again, in order to sustain a verdict we would presume that the evidence showed that all were adults, dependent upon the deceased for support, and that the evidence sustained such claim.    The declaration averring minority was not a material matter and may have been disproved on the trial.    In the absence of a bill of exceptions everything depending upon the evidence is inferred in favor of the verdict.    The statute provides (section 9 of the Dram Shop Act, chapter 43 R. S.) that " all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian or next friend as the court shall so direct."    So that the plaintiffs in error will be entirely protected by the order of the court in distributing the money.

The verdict was not excepted to by plaintiffs in error on account of informality, but aside to there being no exception to the verdict at the time it was brought into court, the form of it was not injurious to plaintiffs in error; it was in a gross sum of $5,000, and the finding by the jury as to how this sum should be distributed between the plaintiffs below

did not concern the plaintiffs in error in the least; it was immaterial to them. It is complained by counsel for plaintiffs in error that under section 9 of the Dram Shop Act, allowing a joint and several action to be brought refers to the defendants alone and not to the plaintiffs, and that the widow and minor children can not join in the same action, and the cases of Delfel v. Hampton et al., 2 Wash. Rep. 194, 26 Pac. Rep. 220, and Durain et al. v. Pompius, 34 Kan. 350, rendered under a similar statute, holding that such plaintiff can not be joined, are cited.

Without, however, deciding this point, we think this objection comes too late. A misjoinder of parties plaintiff should be taken advantage of by demurrer, plea in abatement, or at least, by a motion in arrest of judgment. In this case, a demurrer was interposed to the declaration and overruled by the court, which prohibited the plaintiff in error from moving in arrest of judgment. This was expressly decided in the case of C. & E. I. R. R. Co. v. Hines, Admx., 132 Ill. 161. We think also, a party being prohibited from moving in arrest of judgment, could not assign for error, the misjoinder of parties on writ of error to the Appellate Court. In this case, whether or not the plaintiffs, could sue jointly, is a mere technicality of law, and should be taken advantage of, if at all, in apt time. There are many reasons why the plaintiffs in this class of cases should be allowed to sue jointly, especially the wife and minor children, who sue to recover loss to their means of support, they each having an undoubted cause of action. If all should join in a suit, a multiplicity of suits would be avoided and no damage done to the defendants, because as to the distribution of the money among the plaintiffs, the defendant is an indifferent party. It might be, if the declaration were so defective as not to sustain a cause of action, that advantage could be taken of it on a writ of error to the Appellate Court, even in a case where a demurrer had been overruled to the declaration, and the defendant pleaded over, (C. & E. I. R. R. Co. v. Hines, *supra*,) but that is not this case; nothing but a misjoinder is charged. It is also claimed that there is a mis-

joinder of counts in the declaration, as the plaintiff in error, Albertina Helmuth, was not connected with Jacob Helmuth by proper averment in some of them.   This, also, we think, could not be assigned for error for the same reason as given in the case of misjoinder of parties; and again under court practice act, if any counts of the declaration are so defective as not to support the judgment, and that is all that can be said of any of the counts, the court may disregard the faulty counts and render judgment thereon for the plaintiffs. Chap. 110, Sec. 58, R. S. (Hurd's, 1891); Smalley v. Edey, 19 Ill. 211; People v. Spring Valley, 129 Ill. 178; C. & E. I. R. R. Co. v. Hines, *supra.*   We think, however, the counts were good as to both by an averment connecting Albertina Helmuth with the liability of Jacob Helmuth as charged in all counts.

In case there is no bill of exception, this court can not inquire as to the evidence nor ruling in refusing a motion for a new trial.   Knott v. Swennel, 91 Ill. 25.

Perceiving no errors in the record, the judgment of the court below is affirmed.