## Mrs. N. L. Cope, Appellant, v. T. W. Brentz, Sheriff, and Frank Cheney, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 16, 1914.

### Statement of the Case.

Action of replevin by Mrs. N. L. Cope against T. W. Brentz, sheriff of Christian county and Frank Cheney to recover the possession of property levied on under an execution. Plaintiff claimed that she by her agent was in possession under a chattel mortgage and bill of sale executed by the execution debtor. From a judgment in favor of the defendants, plaintiff appeals.

JOHN W. PREIHS and GEORGE T. WALLACE, for appellant.

ARTHUR ROE and W. B. McBRIDE, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 82*—*discretion of court in reopening cause for further evidence.* Where the court permitted defendants, after both parties had rested, to reopen the case and introduce in evidence a judgment upon which an execution was based and a levy made, it was *held* not erroneous, as being a matter wholly within the discretion of the court, the exercise of which is ordinarily not a subject for review.

2. INSTRUCTIONS, § 11*—*when erroneous.* An instruction directing a verdict and not requiring the jury to find the facts from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence, and leaving it to the jury to say what is a valid mortgage, without telling what constitutes a valid mortgage, is erroneous.

3. INSTRUCTIONS, § 94*—*where witness testifies falsely to fact material to issues.* An instruction to the jury to the effect that if any witness has knowingly and wilfully testified falsely to any "material fact or allegation, etc.," is erroneous as it should have been any "fact material to the issues, etc."

4. INSTRUCTIONS, § 119*—*necessity of basing on evidence.* An instruction should be based on evidence with which to support it.

5. INSTRUCTIONS, § 114*—*necessity of confining to issues of pleadings.* Where there is no plea alleging that there was no consideration for a mortgage, it is erroneous for the court to instruct the jury upon such a question.

6. REPLEVIN, § 147*—*when instruction erroneous as ignoring defense.* In an action of replevin of property taken under an execution, an instruction that entirely ignores the defense that plaintiff was in possession of the property under a chattel mortgage is *held* erroneous.

7. REPLEVIN, § 26*—*sufficiency of instruction.* In an action of replevin to recover the possession of property taken under an execution, an instruction is *held* to fail to correctly state the law; that if possession is taken under an unacknowledged mortgage before possession is taken under the execution, possession will defeat the execution.