## David H. Zbinden, Appellee, v. DeMoulin Brothers & Company and E. R. DeMoulin, Appellants.*

1. EVIDENCE—*physician's testimony usurping jury function.* In action for damages for negligently causing plaintiff's injuries, it was error to permit his doctor to testify that the negligent act had caused the injury as that was a matter in dispute which it was the jury's function to decide.

* Received from clerk of Appellate Court, August 8, 1927.

Zbinden v. DeMoulin, 245 Ill. App. 248.

2. APPEAL AND ERROR—*raising misjoinder of parties on appeal*. An objection for misjoinder of parties, not raised by demurrer, plea in abatement, or motion in arrest of judgment, will not be heard for the first time on appeal.

3. INSTRUCTIONS—*weight of evidence as jury function*. An instruction that positive testimony is entitled to greater weight than negative testimony erroneously invades the right of the jury to decide on the weight of evidence.

4. INSTRUCTIONS—*corroboration of untruthful witness*. An instruction that if the jury believed any witness was wilfully testifying falsely or exaggerating to deceive them, they could disregard the evidence unless corroborated by evidence "which you believe," is erroneous in requiring the corroborating evidence to be that which they believe.

5. INSTRUCTIONS—*materiality of false statement*. An instruction that if the jury believed any witness was wilfully testifying falsely or exaggerating to deceive them on a material element of the case they might disregard the testimony, unless corroborated, is erroneous in omitting the statutory requirement that the false testimony be material to the issue.

6. NEGLIGENCE—*instruction assuming injury was inflicted*. An instruction is erroneous which in effect assumes that an injury sued on was inflicted although that fact was in dispute.

7. NEGLIGENCE—*instruction on negligence to conform to declaration*. An instruction in an action for negligence should require that the negligence considered by the jury be that charged in the declaration.

8. APPEAL AND ERROR—*waiver of assignment of error*. Unless error assigned for a refusal of instructions offered by appellants is argued, it is deemed waived.

9. MASTER AND SERVANT—*playing trick as outside employment scope*. A corporation is not liable to a third person for injuries from a trick wilfully played upon him by an employee, since playing a trick is outside the scope of the servant's employment.

10. MASTER AND SERVANT—*how far master liable for servant's negligence*. A master is liable for acts of his servant done within the general scope of his employment while engaged in his master's business with a view to furthering it, whether he acts negligently or wantonly.

Appeal by defendants from the Circuit Court of Bond county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

NOLEMAN, SMITH & DALLSTREAM, for appellants.

HILES, NEWELL & BRAUER, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

This appeal is prosecuted by appellants from a judgment of the circuit court of Bond county against them in favor of appellee for the sum of $5,000.00.

DeMoulin Brothers & Company operate a factory in Greenville, Illinois, in which they manufacture uniforms, regalia and lodge paraphernalia. One of the articles manufactured by them was a chair with a battery attachment on the under side of the seat. The points of contact were fastened to the seat of the chair in such a manner that upon anyone sitting in the chair, a connection was made, giving to such person an electric shock.

Appellee had been employed for a number of years by the American Railway Express Company as a driver, and had collected express from appellants. Some time during the month of July, 1922, as a matter of convenience, an arrangement was made between appellant company and the express company, whereby the driver for the express company called at the De-Moulin factory, collected the outgoing packages, and made out shipping bills therefor. On July 25, appellee went to the shipping room of said factory to collect the packages for shipment. After attending to the necessary details of the work, appellee went to a small table and seated himself in a chair, which he testified was at the table in the same position he had left it the day before, and that he had gone there for the purpose of making out the shipping bills.

Appellee further testified in effect that when he sat down he "felt something about a foot long. It felt like a knife blade with a saw blade to it; it just twisted my spine and bones, and that is the last thing I knew until I felt a thud." No one saw appellee sit in the chair, and no one saw him fall, but the testimony shows that persons in the building were attracted by the noise, and on investigation found

appellee lying on the floor, unconscious. After a few minutes he was helped to his feet and a doctor called, who made a more or less hurried examination of him. In something like three-quarters of an hour, appellee apparently recovered sufficiently to finish loading his parcels and delivered the same to the railroad station. Appellee was on duty for three or four days consecutively after the accident, when he quit his employment.

Appellee's family physician testified in effect that he made an examination of appellee and found that his latissimus dorsi muscles were swollen and sore, causing pain in his back, and that there was also inflammation and swelling in the muscles of the arm.

The evidence on the part of appellants tended to show that the trick chair was so constructed as to give, on sitting in it, a slight shock or burning sensation, causing one to suddenly rise.

. The declaration consisted of six counts. The first five counts, in varying language, charge appellants with negligence in failing to furnish appellee a safe chair in which to sit while billing goods received by said express company from appellants for shipment. The sixth count charges that appellants wilfully, wantonly and recklessly substituted, for the chair appellee had been using, a chair which was equipped with an electric current and storage battery, for the purpose of injuring him.

To said declaration, appellants filed a plea of the general issue. A trial was had, resulting in a verdict in favor of appellee, and judgment was rendered thereon as heretofore stated.

One of the grounds urged for a reversal of said judgment is that the court erred in its rulings on the evidence. Doctor Lusader, appellee's family physician, who treated him after his injury, testified on behalf of appellee. In the course of her examination,

she was asked and was permitted to answer the following question, over appellants' objection:

"Q. Now, Doctor, from an examination of this man on the 26th of July, in your diagnosis of the case at that time and your knowledge as a physician and surgeon, what in your opinion caused the condition in his back from which he was suffering at the time he came to you?

"A. Why, the injury of July 25th is all I could lay it to."

A motion to strike said answer was made, but was overruled by the court. The objection made to the question and answer was that it permitted the witness to go outside of her sphere, and that her answer assumes one of the very questions the jury were to decide.

The nature and extent of the injury and the manner of its infliction is a matter in dispute in this case, Counsel for appellants contend that the injury was not occasioned by appellee's direct contact with the electric chair, but was caused by his violently throwing the chair in question some twelve feet from where it stood to the rear of the room and against a brick wall. Counsel for appellants further contend that the physical condition of appellee, as shown by the evidence, was due to diabetes. There being a dispute as to the cause of the injury, it was error for the court to overrule the objection to said question, and to deny the motion of appellants to exclude the answer to the same. *City of Chicago v. Didier*, 227 Ill. 571; *Fellows-Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 71; *Illinois Cent. R. Co. v. Smith*, 208 Ill. 608; *Schlauder v. Chicago & S. Traction Co.*, 253 Ill. 154.

In the case of *Fellows-Kimbrough v. Chicago City Ry. Co., supra*, the doctor was permitted to testify over the objection of counsel for the defendant "that the tumor resulted from the bruise—the injury to the breast. The neurasthenia resulted from the shock of

the accident and was kept alive by the breast condition." In disposing of the assignment of error based on the admission of this testimony, the court at page 77 says:

"Whether or not the collision or accident in this case caused traumatic neurasthenia in the defendant in error, or caused the tumor in her breast, are ultimate facts upon which the jury must make their findings. It is no more proper, legally, for physicians to settle those questions for the jury by their direct answer than it would be for a motorman of another street car company to settle the question of negligence by testifying in broad terms that the plaintiff in error was guilty of negligence because its motorman failed to cut off the power by use of the canopy switch in time to prevent the collision. The rule in such cases is not different where hypothetical questions are put to the expert witnesses."

And in *Schlauder v. Chicago & S. Traction Co.,* *supra,* a physician was asked this question: "Have you an opinion whether or not Mrs. Schlauder is or is not permanently injured as a result of that accident?" An objection to the question was overruled and the question was answered. The court, in discussing this ruling at page 161, says:

"The evidence was admitted while the plaintiff was making out her case to establish the cause of action alleged, and the plea was, not guilty. The record shows no admission of an injury to the plaintiff, but while it was not denied that the plaintiff fell, the fact that she was injured was disputed, and the evidence for the defendant tended to prove that she was not injured."

It is next contended by counsel for appellants that the court erred in refusing to direct a verdict for appellants, on motion made at the close of appellee's evidence, and again at the close of all the evidence. It is the contention of counsel for appellants that there

can be no joint liability in this case, and that, therefore, the court should have directed a verdict in their favor, and that the motion for a directed verdict raises said question. No demurrer, plea in abatement or motion in arrest of judgment was filed in the case, raising the question of joint liability, and it is sought to be raised in this court for the first time. An objection for a misjoinder of parties, plaintiff or defendant, cannot be made for the first time on appeal. 2 Cyc. 688; 8 Pl. & Prac. 188; *Town of Harlem v. Emmert,* 41 Ill. 319–322; *Helmuth v. Bell,* 49 Ill. App. 626–632. We therefore hold that appellants are not in a position to raise such point at this time.

It is next contended by counsel for appellants that the court erred in giving the second, third, fourth, fifth, sixth, seventh and eighth instructions given on behalf of appellee.

We have examined appellee's instruction number two in connection with the argument made against it, and hold that while it is somewhat loosely drawn, there was no reversible error in the giving of the same.

It is complained that the court, in giving appellee's instruction number three, touching what the jury should consider in determining the preponderance of the evidence, ignored the number of the witnesses. An examination of this instruction will disclose that this point is not well taken, as the jury were told in the very beginning of the instructions that the number of witnesses was to be taken into consideration in that connection. The court did not err in the giving of this instruction.

Appellee's fourth given instruction is as follows: "The court instructs the jury that positive testimony is entitled to greater weight by you than negative testimony, provided such testimony is otherwise equally credible." This instruction is erroneous, for the reason that it is not the province of the court to tell the jury which evidence is the strongest. *Rockwood v.*

*Poundstone,* 38 Ill. 199; *Chicago & A. R. Co. v. Robinson,* 106 Ill. 142–145; *Louisville, N. A. & C. Co. v. Shires,* 108 Ill. 617; *Himrod Coal Co. v. Clingan,* 114 Ill. App. 568.

Appellee's fifth given instruction is as follows: "The court instructs the jury that it is a principle of law that if you believe, from the evidence, that any witness has wilfully and knowingly sworn falsely to any material element in the case, or that any witness has wilfully and knowingly exaggerated any material fact or circumstance for the purpose of deceiving, misleading or imposing upon the jury, then the jury have the right to reject the entire testimony of such witness unless corroborated by other evidence which you believe, or by facts and circumstances appearing in the case." This instruction is erroneous for the reason that it requires that the corroborating evidence which the jury may consider must be evidence which they believe. *Chicago & A. R. Co. v. Kelly,* 210 Ill. 449–451. It is also erroneous in omitting the statutory requirement that the false testimony be in reference to "a matter material to the issue or point in question," or words of equivalent meaning. A "material element" in the case is not of the same import as the words contained in the statute. *Young v. People,* 134 Ill. 37–39; *Cope v. Brentz,* 190 Ill. App. 504.

Instruction number six is erroneous in that it in effect assumes that appellants inflicted some injury on appellee, and submits to the jury only the question whether said injury was wilful and wanton.

Appellee's instructions seven and eight are erroneous, as they each in effect assume that appellants were guilty of negligence, and neither of said instructions require that the negligence of appellants be the negligence charged in the declaration. This was error. *Camp Point Mfg. Co. v. Ballou,* 71 Ill. 417; *Chicago & A. R. Co. v. Mock,* 72 Ill. 141–144; *Chicago, B. & Q. R. Co. v. Levy,* 160 Ill. 385.

Error was assigned by appellants for the refusal of certain instructions tendered by them and which were refused. This assignment of error was not argued, and is therefore deemed waived.

On the sixth count of the declaration, we are of the opinion and hold that if the evidence should show that appellee was injured by reason of some trick being played upon him by an officer or employee of appellant company, the performance of said trick would be outside of the scope of his employment or duties, and in such event of the proof, appellant company would not be liable.

An action on the case cannot be maintained against a corporation for injuries wilfully and intentionally inflicted by servants and employees, where not produced in the course of their employment, in doing the business for which they are employed. It is only for the negligence, unskilfulness or carelessness of the servant, where the injury is attributable to the conduct of the servant or agent, that the master is liable in an action on the case. *Illinois Cent. R. Co. v. Downey,* 18 Ill. 259–260; *Tuller v. Voght,* 13 Ill. 277–285.

The master is, in this State, responsible for the acts of the servant done within the general scope of his employment, while engaged in his master's business, with a view to the furtherance of that business, whether he acts negligently or wilfully and wantonly. A master is not liable, however, for acts of his servant not within the scope of his employment. *Belt Ry. Co. v. Banicki,* 102 Ill. App. 642–647.

In this connection, we are not expressing any opinion whatever on the evidence in the record or as to what it may prove or tend to prove, but we are simply stating the law on the question of joint liability sought to be raised by appellants, as such question may arise on another trial.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Judgment reversed and cause remanded.*