Mark Brackett, Administrator of the Estate of Cora Grace Brackett, Deceased, Appellee, v. The Builders Lumber Company of Decatur, Illinois, Appellant.

Gen. No. 8,284.

Opinion filed January 24, 1929.

MILLS BROS. & ARMSTRONG, for appellant; THOS. H. ARMSTRONG, of counsel.

LAWRENCE C. WHEAT, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Mark Brackett, as administrator of the estate of Cora Grace Brackett, deceased, brought suit for the benefit of the next of kin of the deceased, to recover damages claimed to have been sustained by them in the death of the deceased which is alleged to have occurred through the negligence of a servant of the appellant, The Builders Lumber Company of Decatur, Illinois. The declaration avers that on the 19th day of October, 1927, a truck,

under the control and management of appellant's driver, was negligently driven upon and along North Franklin street in the City of Decatur at or near the point of intersection of North Franklin street and East North street; and that it ran over the deceased, Cora Grace Brackett, when she was in the act of crossing North Franklin street, and she thereby received injuries from which she died. There are five counts in the declaration. The first count charges general negligence in the operation and management of the truck; the second count alleges a failure on the part of the driver of the truck to give the warning required by the statute, of the approach of the truck in driving along the street; the third count alleges a failure on the part of the driver to take the reasonable precaution required by the statute for the safety of pedestrians and others using the highways; the fourth count alleges that the driver of the truck at the time of the fatal injury was driving the truck at a speed greater than was reasonable and proper having regard to the traffic and the use of the way; and the fifth count charges that the driver of the truck drove it at a greater rate of speed than 15 miles an hour at the place of the injury, which the declaration alleges was in a closely built-up business district of the City of Decatur.

The general issue was filed to the declaration and issue joined thereon. The trial resulted in a verdict of $5,000 damages for the appellee, upon which the court rendered judgment, and this appeal is prosecuted from the judgment.

Various questions are presented on appeal for review. One of the principal grounds urged for reversal of the judgment is that the appellee made improper use of a coat which, it was claimed, the deceased had on at the time she was run over by the truck, and which bore the marks of the truck wheel that ran over her and crushed her body. The record discloses that ap-

pellee's attorney displayed this coat to the jury and made comments in reference to the marks thereon before it was admitted in evidence, and without first making the necessary preliminary proof under which it might be competent as a matter of evidence; and that though he made a promise to the court to lay a proper foundation for its introduction afterwards, he did not do so. The court, at the close of the evidence, merely excluded the testimony with reference to the coat given by one of the witnesses, and told the jury to dismiss it from their minds. In reference to this contention, it must be pointed out that the coat which the deceased wore at the time she was fatally injured could only be used as evidence for certain specific purposes, after laying a proper foundation by preliminary proof which would make it competent under the issues. It is apparent, that the use of the coat for the purpose of displaying the wheel marks of the truck which crushed out the life of the deceased would necessarily tend not only to arouse a strong feeling of sympathy in the jury, but improperly and intensely inflame the minds of the jury in the controversy. Merely striking out the evidence of the witness who testified to the identity of the coat, and telling the jury to dismiss this testimony from their minds would not cure the mischief wrought by the use and display of the coat under these circumstances. This feature of the trial of the case in and of itself involves reversible error.

There are also some errors in the instructions given for appellee to which attention should be directed. Instruction No. 5 is erroneous, because it does not limit the appellee's right of recovery to the negligence alleged in the declaration or some count thereof. *Peterson v. Sears, Roebuck & Co.*, 242 Ill. 38; *Crane Co. v. Hogan*, 228 Ill. 338; *Chicago & A. R. Co. v. Mock*, 72 Ill. 141; *Illinois Cent. R. Co. v. Chicago Title & Trust Co.*, 79 Ill. App. 623; *Zdinden v. DeMoulin*, 245 Ill. App. 248.

Instruction No. 8 is a general proposition of law embodying the statement that there is no imperative duty resting on pedestrians to keep a continuous lookout for automobiles; and that if they fail to do so and are injured, contributory negligence will not be conclusively imputed to them. This is not a correct statement of the principle involved in the instruction; the lookout for automobiles, which pedestrians are required to make, depends upon the situation in which they are and the circumstances of each case. This instruction was misleading in this, that it had a tendency to confuse the jury in passing upon the question of contributory negligence here involved. What is said in reference to instruction No. 8 applies with equal force to instruction No. 9.

Instruction No. 15 also contains a general proposition of law, namely, that the creation of boulevard streets by the city council are police regulations only; and that such regulations apply only to vehicles, and have no application whatever to pedestrians. It is inaccurate to say that, because of the creation of boulevard streets by the city council, the provisions of the ordinance are police regulations only; and that therefore such regulations apply only to vehicles and have no application whatever to pedestrians. There are a number of police regulations concerning boulevarded streets applying to vehicles and to pedestrians as well; even those that are made specifically to apply only to vehicles must necessarily in the effect concern pedestrians who use the streets. This instruction was therefore misleading and confusing without stating the relative rights and duties of drivers of vehicles and pedestrians using the streets and street crossing.

Instruction No. 16 as modified and given is as follows:

"The court instructs the jury that under the law where a statute imposes a specific duty upon any person, and if he fails or neglects to perform such duty,

such failure or neglect is 'negligence per se' that is such failure or neglect to perform such duty is of itself negligence, and he is liable to any person injured by such failure or neglect to perform such duty; *Provided* such failure or neglect to perform such duty was the proximate cause of the alleged injury.

''And in this case if you find from the evidence herein that the defendant by its servant failed or neglected to perform the duties imposed upon him by statute in said declaration mentioned, and by reason thereof plaintiff's intestate was injured as a result from said injuries died, she being then and there in the exercise of due caution for her own safety, then in such state of the proof you should find the issues for the plaintiff.''

The jury were told in this instruction that the *failure,* or neglect to perform a statutory duty is ''negligence *per se.''* And if the jury find from the evidence that the appellant by its servant *failed* or neglected to perform the duties imposed upon him by the statute it was negligence *per se;* and if by reason of such negligence the plaintiff's intestate was injured and died as a result of such injuries, ''she being then and there in the exercise of due caution for her own safety,'' the jury should find the issues for the appellee. The chief vice of this instruction is, that the jury are told that a failure to perform a statutory duty is negligence *per se;* the mere failure to perform a statutory duty would not necessarily be negligence; failure to perform a statutory duty may be negligence if the circumstances under which the failure to observe the statute indicate a neglect of the duty; but mere failure to perform a statutory duty may not be negligence. The instruction was also erroneous in not confining the negligence referred to therein to the failure to perform the particular statutory duties alleged in the declaration.

Instruction No. 17 which relates to the matter of damages is as follows:

"The court instructs the jury that if you find the issues for the plaintiff you will fix the amount of the plaintiff's damages to be determined by a consideration of all the evidence herein and in fixing such damages you are entitled to take into consideration the pecuniary loss, if any, sustained by the next of kin; the earning capacity, if any, of deceased; the age and probable duration of life of the deceased; the physical condition and habits of thrift and industry of deceased; the loss of support and education, if any, to the next of kin and from all such evidence you will determine the amount of a fair and just compensation to be awarded to the said plaintiff, if any."

This instruction gave directions to the jury concerning the fair and just compensation to be awarded as damages. The fair and just compensation which the jury may fix is limited by the Injuries Act, Cahill's St. ch. 70, ¶ 2, to pecuniary loss suffered by the widow and next of kin of the deceased and necessarily excludes the idea of compensating for any other kind of loss suffered. Certain elements for awarding damages are mentioned in the instruction in addition to pecuniary loss. While the elements referred to, if proven, were proper to be taken into consideration by the jury in determining the amount of pecuniary loss, they could under the wording of the instruction be considered as additional elements for fixing damages, and in this respect the instruction was erroneous.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*