Marion Healy, Appellant, v. New York Central Railroad Company, Appellee.

Gen. No. 10,011.

Heard in this court at the February term, 1945.          Opinion filed July 11, 1945. Rehearing denied October 2, 1945. Released for publication October 4, 1945.

C. N. HOLLERICH, of Spring Valley, and WARNER & WARNER, of Dixon, for appellant; C. N. HOLLERICH, of Spring Valley, and H. C. WARNER, of Dixon, of counsel.

CAREY R. JOHNSON and JOSEPH R. PETERSON, both of Princeton, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Marion Healy filed a suit in the circuit court of Bureau county, seeking damages for injuries resulting

to herself and her automobile when her car collided with a freight train of the defendant, the New York Central Railroad Company, a corporation. At the time of the accident, the train was standing on a switch track of the defendant at a grade crossing of the Illinois State Highway route 89, known as Main street, in the village of Ladd, Illinois. The collision occurred about five o'clock in the morning of January 1, 1942. The railroad tracks at the crossing in question extended in an easterly and westerly direction, and the highway in a northerly and southerly direction and cross at right angles. The plaintiff was riding in the front seat of the automobile which was being driven north by her friend, Russell Batton. They were on the south side of the train. The night was dark, misty and foggy and it had been snowing a short time before the accident. At the time of the accident, Miss Helen Conti and her friend, Robert Trow, were riding in the rear seat of the automobile. Robert Trow and Russell Batton are in the armed forces, and neither was present at the trial. The case was tried before a jury, which found the defendant not guilty. A motion for a new trial was overruled. Judgment was entered on the verdict, and from this judgment, an appeal is prosecuted.

The complaint sets forth the operation and ownership of the railroad, etc.; that the plaintiff was in the exercise of due care and caution for her own safety; the driving into the freight train, and the damage to herself and the automobile. The fourth paragraph of the complaint, and especially the fourth paragraph of the second additional count, charge the defendant with the duty of maintaining a switchman, or a flagman to protect the crossing. The fourth paragraph of the second additional count is as follows: "That the railroad crossing aforesaid is now and has been for more than fifteen years prior to the commencement of this suit, extra-hazardous for persons and property lawfully

using said Main Street at said crossing; that because of the extra-hazardous character of said crossing, the defendant, for a long time prior to and on the twenty-third day of May, A. D. 1928, provided and maintained a flagman to protect said crossing, and persons travelling over the same; that on or about the twenty-fifth day of November, A. D. 1927 the defendant filed in the office of the Illinois Commerce Commission its application for authority to make a change in the protection at the aforementioned crossing of its railroad and said Main Street, and to install flashlight signals in lieu of the flagman then being maintained by the defendant at said crossing; that in and by its said application the defendant, in order to induce said Illinois Commerce Commission to authorize the installation of flashlight signals at said crossing in lieu of a flagman, represented that at said crossing there were three sidetracks which would not be connected with track circuits for said flashlight signals, and that as to said sidetracks, they would be protected by train crews when moves were made over the same; and said defendant in and by its said application further represented and alleged that trains using tracks not bonded for flashlight signals, to wit, the sidetracks aforementioned, would be required by time-table instructions to protect the crossing by members of the crew; that thereafter, to wit, on or about the twenty-third day of May, A. D. 1928 upon the hearing had before said Commission on the aforementioned application of the defendant, said Illinois Commerce Commission authorized the change in crossing protection so applied for by said defendant as aforesaid; that the aforementioned authorization or order of the Illinois Commerce Commission authorizing the change in crossing protection at said crossing has been since the date of its passage, entry or adoption, and is now, in full force and effect and has not in any way been amended, modified or revised.''

■ The defendant's answer to the fourth paragraph in both the original and additional counts, is a denial of all the facts set forth in paragraph four. On the trial of the case the plaintiff offered to prove the orders of the Illinois Commerce Commission relative to the facts as stated in paragraph four in their complaint. The defendant objected to the introduction of this evidence. The objection to this offer was that it is not competent, or material, and does not prove nor tend to prove properly any issue in the case.

The plaintiff made positive allegations that the Illinois Commerce Commission had entered an order for the railroad company to protect the crossing by a flagman, or other signal devices when trains were on the siding, in addition to flashlights or signal lights, which would not operate unless the train was on the main track. This was a material allegation in the plaintiff's complaint.

The defendants in their answer denied there was any such ruling, or order of the commerce commission, so this was clearly an issue of fact that should have been presented to the jury. The appellee has cited the case decided by this court of *Fox v. Illinois Cent. R. Co.*, 308 Ill. App. 367 as sustaining its contention that this evidence should not have been admitted. The *Fox* case is not authority for the exclusion of this evidence. In the *Fox* case the question was raised whether the complaint stated a good cause of action, and the court held that it did not, because it did not allege that the defendant had violated any statute, ordinance or regulation of the commerce commission.

■ The plaintiff attempted to prove that the driver of the car knew the regulations of the Illinois Commerce Commission, and that the railroad company was in the habit of keeping a flagman on duty to protect the public when a train was standing on the sidetracks at this crossing. On objection of the defendant the court refused to admit this testimony. We think that

the allegation of the complaint, that the driver of the car, and plaintiff had knowledge relative to the regulations and custom of the railroad company in protecting this crossing, was a question that should have been submitted to the jury as bearing on the question of due care and caution for the safety of the plaintiff at the time the collision occurred. *Greenfield v. Terminal Railroad Ass'n of St. Louis,* 289 Ill. App. 147, and cases there cited.

Complaint is also made that the court erred in admitting declarations of Russell Batton, which were not made in the presence of plaintiff and not made with her consent. Batton was asked about these declarations at the time he gave his testimony in his deposition. We think a proper foundation was laid to use these statements in an impeaching manner.

The defendant's instruction No. 4 is as follows: "You are instructed that it is a principle of law that if you believe from the evidence that any witness has wrongfully and knowingly sworn falsely to any material element in the case, or that any witness has wrongfully and knowingly exaggerated any material fact, or circumstance for the purpose of deceiving, misleading or imposing upon you, then you have a right to reject the entire testimony of such witness unless corroborated by other evidence, or by facts and circumstances which appear in the case." Practically the same instruction was given in the case of the *Chicago & A. R. Co. v. Kelly,* 210 Ill. 449. The Supreme Court reversed the judgment for the court's error in giving this instruction. The same instruction was criticized in *Zbinden v. DeMoulin Bros. & Co.,* 245 Ill. App. 248.

Defendant's instruction No. 13, is as follows: "You are instructed that you should return a verdict in favor of the Defendant if the evidence is evenly balanced, or if the preponderance is in favor of the Defendant or if you are unable to determine as to its

preponderance.'' Counsel for appellee is in error when they say that this instruction was not given or cited in the case of *Hughes v. Medendorp,* 294 Ill. App. 424. This instruction is quoted on page 431, and the court says, ''this form of instruction has been repeatedly condemned by the courts and should not have been given. *Wolczek v. Public Service Co.,* 342 Ill. 482; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164.''

Defendant's instruction No. 4 and 13 should not have been given. Under the evidence as offered in the case, defendant's instruction No. 6 is erroneous. For the reasons above stated, the judgment of the trial court is hereby reversed and the case remanded.

*Reversed and remanded.*