Lieb v. Lichtenstein.

No. 14,006.

## LIEB v. LICHTENSTEIN.

FORMER ADJUDICATION.—*Married Woman.*—*Suretyship.*—*Res Adjudicata.*— A suit was brought in Illinois, in a court having jurisdiction of the subject-matter and the person, to recover judgment on certain promissory notes executed by a husband and wife. The wife appeared to the action and pleaded suretyship. Judgment was rendered against her, notwithstanding the plea. The plaintiff afterwards instituted a suit in Indiana to foreclose a mortgage executed by the husband and wife to secure the payment of the notes, on which judgment had been before taken.

*Held,* that in the subsequent action the defence of suretyship and coverture could not be pleaded ; that said questions were *res adjudicata.*

SAME.—*Applies to Whatever Might have Been Pleaded.*—It would make no difference whether the defence of suretyship was in fact pleaded as a defence to the suit on the notes or not. The wife was in court and pleaded to the complaint. It was her duty to plead all the defence she had to the notes. If she failed to plead her defence of suretyship, and personal judgment was rendered against her, she would be as completely barred from raising the question thereafter as if she had pleaded it and it had been adjudicated against her.

SAME.—*Form of the Action Immaterial.*—It is not necessary that the form of the action shall be the same in both cases in order for the former to be a bar to the latter. It is sufficient if the question in controversy has been once litigated between the same parties.

SAME.—*Record of Former Trial.*—*Conclusiveness of.*—The record of the former case (the transcript having been properly certified in accordance with the provisions of section 472, R. S. 1881) was properly admitted in evidence. It showed that the question of suretyship had been raised, tried and decided in favor of the plaintiff, and was conclusive evidence of it.

SAME.—*Parol Evidence.*—*Record Unaffected Thereby.*—Where a witness is permitted to testify as to the evidence introduced, and the issues tried in the former trial, no injury can result, even if the evidence is improperly admitted, as the record of the former trial is conclusive as to those questions, and can not be affected in any way by parol evidence.

PRACTICE.—*Demurrer.*—*Improper Ruling Upon.*—*When Not Available Error.*— Where demurrers are filed respectively by the appellee and appellant to a paragraph of answer, and to the reply thereto, and the rulings of the court are assigned as error and cross-error, there is no available er-

. ror if the paragraph of answer was insufficient, even if the demurrer was improperly overruled to the reply.

From the Elkhart Circuit Court.

*J. H. Baker, J. H. Defrees* and *A. S. Zook,* for appellant.
*W. L. Stonex* and *E. E. Mummert,* for appellee.

OLDS, J.—On July 19th, 1879, Sarah C. Lieb, the appellant, and A. S. Lieb, her husband, executed two notes, payable to one S. P. Kent, for $600 each, one due in twelve and the other in eighteen months from date, and both payable at the City National Bank of Goshen, Indiana ; and on the 24th day of July, 1879, the said Lieb and Lieb also executed a mortgage on certain real estate in said city of Goshen, in Elkhart county, Indiana, to said Kent, to secure the payment of said notes, and in said mortgage it was recited that said notes were for the balance of the purchase-money for a stock of dry goods sold to said Sarah C. Lieb by S. P. Kent July 19, 1879 ; said Kent sold, and transferred by indorsement, said notes to the plaintiff below, the appellee, Abraham Lichtenstein ; afterwards, on the 25th day of April, 1885, said Lichtenstein brought suit on said notes, secured by said mortgage, against said Lieb and Lieb, in the superior court of Cook county, in the State of Illinois, and recovered judgment in said cause in said court against said defendant, Sarah C. Lieb, for the sum of $872, together with costs.

Afterwards the plaintiff, Lichtenstein, brought this action in the Elkhart Circuit Court against Lieb and Lieb, and other persons owning junior incumbrances, for judgment against Lieb and Lieb, and for a foreclosure of the mortgage against all of the defendants, setting out in the complaint the facts as above stated as to the recovery of the judgment in the superior court of Cook county.

In the suit on the notes, in the superior court of Cook county, Illinois, the complaint contained several counts ; one upon each note ; one for $3,000, for goods sold and delivered ; for $3,000 for money lent and advanced ; for $3,000 for money

paid, laid out and expended ; for $3,000 money had and received to and for the use of the defendant; for $3,000 interest ; for $3,000 for labor and materials, and for $3,000 for balance due on account.

The defendant, Susan C. Lieb, answered to the complaint in this case, in several paragraphs. The plaintiff demurred to each paragraph, and the court sustained the demurrer to the fifth paragraph, to which ruling she excepted, and assigns such ruling as error.

The plaintiff replied to the answer in several paragraphs, and the appellant demurred to each, and the court overruled the demurrer. The court overruled the demurrer to the first and second paragraphs of reply, to which ruling appellant excepted, and assigns the ruling as error.

The court made a special finding of facts, and stated its conclusions of law, and the appellant excepted to the conclusions of law stated by the court, and assigns error thereon. Error is also assigned on the overruling of the appellant's motion for a new trial.

The only alleged error questioning the ruling of the court on the demurrers to the pleading which is discussed by counsel for appellant is the ruling of the court in overruling the demurrer to the first paragraph of appellee's reply. This paragraph of reply is addressed to the second amended paragraph of appellant's amended answer.

The appellee demurred to the said second amended paragraph of answer, and excepted to the ruling of the court in overruling the demurrer, and assigns such ruling as a cross-error. So that if the paragraph of answer is insufficient, there would be no available error even if the demurrer was improperly overruled to the reply.

The second paragraph of amended answer alleges as a defence to the mortgage that the sole and only consideration for the execution of the same was the individual indebtedness of her husband, Alexander S. Lieb, to Solomon P. Kent, and that said Alexander S. Lieb was, at the time of its execution,

and still is, her husband, and that she was not, nor is she now, in any manner indebted to said Kent, and she never received any part of the consideration for said mortgage, and that she was only surety for her husband; that at the time of the execution of said mortgage she was a resident of the city of Goshen, in the county of Elkhart, and State of Indiana; that the real estate described in said mortgage was, before the time of executing said mortgage, her own separate property, held and owned by her in her own right, and that she derived her title thereto by gift, devise and descent, said property having been owned by her father in his lifetime, and came to her from him and by gift from her mother and brothers and sisters, and that said mortgage was executed in said city of Goshen.

The paragraph of reply addressed to this paragraph of answer alleged that in the suit in the superior court of Cook county, upon these identical notes secured by the mortgage, the defendant Sarah C. Lieb pleaded as a defence to said notes the fact that she was only surety on said notes for her husband, A. S. Lieb, and that said notes were given for his individual debt, and that said issue of suretyship was tried and determined, and a finding and judgment rendered on said issue in said cause in favor of said plaintiff and against said defendant Sarah C. Lieb, as alleged in the complaint.

The notes and mortgage were given as security for the same debt, the mortgage being the mere incident, or given as security for the debt represented by the notes. Suit was brought in the superior court of Cook county, a court having jurisdiction of the subject-matter and the person of the appellant. The appellant appeared in said cause and answered the complaint upon the notes. In that cause she had the right to plead any defence she might have to the notes, and have her rights adjudicated. She had the right to have the questions of suretyship and coverture tried. If she had pleaded that she was a married woman at the time of the execution of the notes, and that the notes were given for the sole and indi-

vidual debt of her husband, and that she was only surety on the notes, it would have constituted a good defence to the notes, and had that issue been found in her favor, and judgment accordingly, and that judgment pleaded as a defence to the mortgage, it would have been a complete defence to the foreclosure of the mortgage, and that judgment pleaded and proven would have been conclusive in this action, brought by the same plaintiff. If binding and conclusive as to the plaintiff, it must also be conclusive as to the defendant, Sarah C. Lieb..

It is alleged in the paragraph of reply that issue was joined on the question of suretyship of said Sarah C. Lieb on the notes, and tried and adjudicated in favor of the plaintiff. That being true, that question is *res judicata.*

We have stated that suretyship and coverture, if pleaded to the complaint on the notes, would have been a complete defence. It appears from the complaint, and it is alleged in the second amended paragraph of answer to which the reply under consideration is addressed, that Lieb and Lieb were at the time of, and before the execution of the mortgage, residents of Goshen, Elkhart county, Indiana. The notes are dated at Goshen, and payable in the bank at Goshen; they were executed after the act of 1879, in relation to married women, was in force, but that act only relieved married women from their disability in so far as to allow them to contract in relation to their own separate property, and concerning their own separate trade or business and labor and services. But even after the act of 1879 took effect, married women were not liable on contracts of suretyship, so that coverture and suretyship constituted a good defence to a note signed by a married woman after said act took effect, and it would make no difference whether the defence of suretyship was in fact pleaded as a defence to the suit on the notes or not. Mrs. Lieb was in court and pleaded to the complaint, and it was her duty to plead all defences she had to the notes, and if she failed to plead her defence of suretyship, and personal judg-

ment was rendered against her, she would be as completely barred from raising the question thereafter as if she had pleaded it and it had been adjudicated against her. *Stringer* v. *Adams*, 98 Ind. 539; *Wright* v. *Anderson*, 117 Ind. 349; *Wilson* v. *Buell*, 117 Ind. 315; *Griffin* v. *Hodshire*, 119 Ind. 235; *Frazer* v. *Clifford*, 94 Ind. 482; *Haas* v. *Shaw*, 91 Ind. 384.

The appellant offered to prove by witnesses facts tending to show that the debt for which the notes were given, and the mortgage executed to secure, was the individual debt of the appellant's husband; that the husband purchased the stock of goods from Kent, and the goods became his property, and the notes were given for part of the purchase-money, and the court excluded the testimony, and this ruling is complained of as error. It is contended that, notwithstanding Mrs. Lieb was sued upon the notes secured by this mortgage, and appeared and answered in said cause that, as that suit was upon the notes and this is for a foreclosure of the mortgage, she is not bound by the former adjudication, although the question of her suretyship on the notes was tried and determined against her; that she may again try the question in the action to foreclose the mortgage, and show that the debt for which the mortgage was given was the debt of her husband, and that she is only surety. We can not agree with this theory. It is not necessary that the form of the action shall be the same in both cases in order for the former to be a bar to the latter. It is sufficient if the question in controversy has been once litigated between the same parties.

In the case of *Turner* v. *Allen*, 66 Ind. 252, suit was brought for the collection of a promissory note and for foreclosure of the mortgage securing the same, and it was answered that the note and mortgage were given solely for the purchase-money for the mortgaged premises, which had been conveyed by the plaintiff to the defendant by a warranty deed, and that there had been a breach of the covenants of the deed whereby

he had suffered damage, etc.   The plaintiff replied that the matters alleged in the answer had been adjudicated in a former action by the mortgagor against the mortgagee on the covenants of warranty, and it was held that such former adjudication was a bar to the defence pleaded in the answer, and forever set them at rest.

The court, in that case, say : " The defence in this action, and the cause of action in the former action, both sought the recovery of damages, for the same breach of the same covenant of warranty.   It is clear, therefore, that all the matters which fairly arise under the second paragraph of the appellant's answer, in this case, might have been litigated, tried and determined in the former action between the same parties.   In such a case, the law is well settled, that all those matters must be considered as at ' rest forever.' "   So in this case it must be held, as we think, that the question as to whether or not the debt for which both the notes and the mortgage were given might have been tried, litigated and determined in the suit upon the notes, and therefore is " at rest forever."   The same doctrine was held in the case of *Baker* v. *State, ex rel.,* 109 Ind. 47.

In the case of *Reid* v. *Huston,* 55 Ind. 173, in an action on a promissory note where the defendant pleaded, by way of counter-claim, that he had been defrauded and damaged by the plaintiff in the execution of a bond given in the course of the same business transaction in which the note in suit was executed, the same matter of counter-claim having been set up in a suit on the bond, it was held that it was *res judicata.*

In the case of *Reeves* v. *Plough,* 46 Ind. 350, it was held to a complaint to have a judgment declared satisfied, that it was a good answer to plead that the same matter alleged in the complaint, was set up in an answer to a motion for leave to issue execution on the judgment, and that such matters were in that proceeding adjudicated.   *Hays* v. *Carr,* 83 Ind. 275 ; *Kilander* v. *Hoover,* 111 Ind. 10.

In the action upon the notes the question as to whether the debt for which they were given was the individual debt of Mrs. Leib might have been pleaded, and it was her duty to so plead it, and if she did not she waived her right to plead it, and that adjudication settled and set at rest the question as to her liability on the note. It was a complete defence to the notes, as well as the mortgage, and must be deemed to have been adjudicated between her and the plaintiff in the former action. There is a material difference between the question of suretyship on a note in such a case as we have under consideration, and the ordinary suretyship on a note executed by a person capable of binding himself as surety by such a contract. Ordinarily it is not a defence to the action, but in this case the wife was not liable as surety, and, if liable at all, it must be as a principal debtor.

As before stated, there were other paragraphs joined with the paragraphs on the notes in the former action, and the court permitted a witness on behalf of the appellee to testify that all the evidence introduced on the trial of the cause was the notes, and the only issues tried were the issues joined on the paragraphs of the complaint which declared upon the notes. As the record in that cause was conclusive on the question of suretyship and as to her liability on the notes, and the record was introduced, and the finding was in accordance with that adjudication, the parol evidence could do no harm. The appellant was bound by the record as conclusively in the absence of the evidence as she was by the introduction of the evidence, she could not be harmed even if erroneous.

Numerous questions are presented as to the rulings of the court in the admission of evidence involving the same legal principles we have decided, and we do not deem it necessary to extend the record by stating each in detail. It is further urged that the court erred in admitting in evidence the transcript of the judgment rendered in the superior court of Cook county, Illinois, on the notes. The transcript was properly

certified in accordance with the provisions of section 472, R. S. 1881, and was properly admitted in evidence. *Westcott* v. *Brown*, 13 Ind. 83 ; *Holt* v. *Alloway*, 2 Blackf. 108 ; *Bailey* v. *Martin*, 119 Ind. 103.

It is further contended that there was no evidence to support the finding of the court that the notes were given to evidence the sole and separate indebtedness of the said appellant, Sarah C. Lieb. The record of the former case showed that such fact was put in issue, and tried in the case on the notes, and found in favor of the plaintiff, and against the appellant, and such record established the fact found, and was conclusive evidence of it.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

MITCHELL, C. J., took no part in the decision of this cause.

Filed Jan. 15, 1890.