## UNITED OIL AND GAS COMPANY *v.* ELLSWORTH.

[No. 6,432.   Filed May 20, 1909.]

1. JUDGMENT.— *Res Judicata.— Issues.—Equity.—Law.—*A decree in equity is *res judicata* in a subsequent action at law, where the merits of the action at law were determined in the suit in equity. p. 671.

2. JUDGMENT.—*Res Judicata.*—All matters litigable within the issues in the former action are *res judicata* in a subsequent action. p. 671.

From Wells Circuit Court; *C. W. Watkins*, Special Judge.

Action by Charles Ellsworth against the United Oil and Gas Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Simmons & Dailey,* for appellant.

*Levi Mock, John Mock* and *George Mock,* for appellee.

MYERS, J.—The issues and questions presented by this appeal are identical with those in *United Oil, etc., Co.* v. *Alberson* (1909), *ante,* 626. Upon the authority of that case the appeal in this case must be sustained. The statement of the issues and questions found in the opinion of the court in that case makes it unnecessary to restate them as a basis for an opinion in the case at bar. To what was said in the case cited we may add, that appellee concedes that as to every question which might have been decided or litigated within the issues in the former suit between these same parties the judgment in such suit would be *res adjudicata* of any such issue in the present suit. We find no fault with this proposition, but the error of appellee is in contending that

1. the former being a suit in equity and the present action one at law the issues in each case, of necessity, must have been essentially or materially different. This contention relates to the form of the action, and not to the subject-matter, which is one of the controlling elements determining the force of a plea of former adjudication. T courts will look to see if the issue affirmed on the one s· and denied by the other was tried in a court of compet jurisdiction resulting in a judgment on the merits. If so, the matter becomes *res adjudicata,* regardless of whether the suit was in equity or was in an action at law. *Van Camp* v. *City of Huntington* (1906), 39 Ind. App. 28; *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429. As said in *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 615, 119 Am. St. 524: ''The general rule is that the judgment in the former action settles all matters of controversy involved in

2. the issues between the parties to the action; that is, all matters litigated, or which might have been liti-

gated within the issues as they were made, or tendered by the pleadings in the case, but not matters which might have been litigated under such issues formed by additional pleading.''

In the case at bar, as in the case of *United Oil, etc., Co.* v. *Alberson, supra,* the issue as to the appellant's liability to the appellee in any form on account of the services, for which appellee brought this action, was tendered in a former action between the same parties by an affirmative answer on the part of appellant, to which answer appellee replied in denial. It appears that that issue was tried in a court of general jurisdiction, and that judgment was rendered in favor of appellant and against appellee. This judgment, being in full force, must be held to be *res adjudicata* of the matter involved in this action.

Judgment reversed.