EMRY ET AL. *v.* BEAVER ET AL.

[No. 23,790. Filed November 15, 1922.]

1. WILLS.—*Contest.—Undue Influence.—Evidence.—Other Wills and Codicils of Testator.*—In an action to set aside a will on the ground of undue influence, an instruction that other wills and codicils made by the testator might be considered as bearing on the question of undue influence was error. p. 472.

2. EVIDENCE.— *Wills.— Contest.— Undue Influence.— Testamentary Capacity.—Declarations of Testator.—Admissibility.*—In an action to contest a will, declarations of the testator, not made at the time of the execution of the will, are admissible as tending to show testator's mental capacity, but are not admissible as evidence of undue influence. p. 473.

3. WILLS.—*Contest.—Testamentary Capacity.—Evidence.—Acts, Declarations and Previous Wills of Testator.—Admissibility.*—In an action to contest a will, the acts and declarations of testator made at a time other than at the execution of the will, and previous wills and codicils, are competent on the question of soundness of mind, notwithstanding the hearsay character of such evidence. p. 473.

4. WITNESSES.— *Wills.— Contest.— Undue Influence.— Heirs of Testator as Witnesses.—Competency.—Statutes.*—In an action by heirs of testator to set aside his will on the ground of undue influence, plaintiffs were incompetent witnesses as to facts and circumstances bearing upon the question of undue

influence, under §522 Burns 1914, §499 R. S. 1881, and it was error to admit testimony by them upon that subject.    p. 473.

5.  WILLS.— *Contest.— Testamentary Capacity.— Judgment Declaring Testator of Sound Mind.—Conclusiveness.*—In an action to contest a will because of testator's alleged unsoundness of mind, a judgment declaring testator of sound mind in a proceeding for the appointment of a guardian under §3101 Burns 1914, Acts 1895 p. 205, which judgment was rendered three days prior to the execution of a codicil reaffirming the will in controversy, *held* not conclusive as to mental capacity to execute the will and codicil, though such judgment was admissible as bearing upon that subject.    p. 473.

6.  WILLS.— *Testamentary Capacity.— Evidence.— Judgment in Guardianship Proceeding as to Testator's Unsoundness of Mind.—Conclusiveness.*—An adjudication in a proceeding for the appointment of a guardian under §3101 Burns 1914, Acts 1895 p. 205, that testator was of unsound mind and incapable of managing his estate would not have been conclusive that he was incapable of making a valid will.    p. 475.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Omer V. Beaver and others against James H. Emry and others.    From a judgment for plaintiffs, the defendants appeal.    *Reversed.*

*Samuel Ashby, Thomas E. Kane, Joseph A. Roberts* and *Roger S. Roberts,* for appellants.

*Meade Vestal, Roscoe R. Foland, Gentry & Campbell, Christian & Waltz* and *Shirts & Fertig,* for appellees.

TOWNSEND, J.—Appellees brought this action to set aside the will of one William H. Beaver, because of unsoundness of mind and undue influence.    They obtained a general verdict in their favor with judgment accordingly.

Instruction No. 14, requested by appellees and given by the court, told the jurors that they might consider other wills and codicils made by the testator as bearing on the subject of undue influence.    This was error.

Declarations of the testator, not made at the time of the execution of the will in controversy, are admissible

as tending to show the mental capacity of the 2, 3. testator, but are not admissible as evidence of undue influence. *Robbins, Exr.,* v. *Fugit* (1920), 189 Ind. 165, 126 N. E. 321; *Ditton* v. *Hart* (1911), 175 Ind. 181, 189, 93 N. E. 961, and cases there cited. . Counsel for the appellees insist that the above rule is incorrect, and that this court in *Hayes* v. *West* (1871), 37 Ind. 21, started with the wrong rule, and that the better reasoned authority is that previous wills and codicils may be considered on the subject of undue influence. We have, accordingly, re-examined the question, and are satisfied that the correct rule was laid down in *Hayes* v. *West, supra,* and that the authorities cited to sustain that rule in *Ditton* v. *Hart, supra,* are correct and contain the better reasoning. The declarations of the testator, including previous wills and codicils, are hearsay. Undue influence must be proven, and is capable of being proven by evidence which is not hearsay. The acts and declarations and previous wills and codicils of the testator are competent evidence to be considered on the question of soundness or unsoundness of mind, and constitute the exception to the hearsay rule because of necessity.

Some of appellees, as witnesses, were permitted, over objection by appellants, to testify to facts and circumstances occurring in the lifetime of the testator, 4. which could have no bearing upon this case, except on the subject of undue influence. This was error, because such witnesses are made incompetent under our statute, as to the facts and circumstances bearing on this question. §522 Burns 1914, §499 R. S. 1881.

The will in question was executed on July 6, 1915. The codicil was executed November 11, 1915. Between those two dates two of appellees instituted an action, under §3101 Burns 1914, Acts 1895

p. 205, to have testator declared of unsound mind and a guardian appointed. This was tried by the court and terminated in a judgment in testator's favor on November 8, 1915, declaring him of sound mind and capable of managing his estate. This judgment was set up in two paragraphs of special answer as a bar to the present action. The trial court sustained a demurrer to each paragraph.

Appellants claim that this was error. That is to say, they claim that the judgment of November 8 is conclusive as to the will and codicil, because the codicil three days later reaffirms the will of July 6. We think the court was right in sustaining the demurrer. This judgment left the testator where it found him, with the presumption of soundness of mind and capability in his favor, and in favor of those claiming through or under him. Because testator was found by a court to be competent to take care of himself and manage his own estate on November 8, 1915, it does not follow conclusively that he was of sound mind so that he could make a valid will on July 6, 1915, or on November 11, 1915. Nor does it follow conclusively that he was capable of making a will on November 8, 1915. The investigation under the statute, as to his capability of managing his business and a finding in his favor on that subject, does not preclude his being of unsound mind or suffering from a monomania which might cause him to disinherit the natural objects of his bounty when he came to make a will. In other words, it is easy to see that a court investigating under the statute to determine whether a guardian should or should not be appointed, would not necessarily consider, in fact would not consider, certain phases of mental unsoundness which might destroy the validity of a will.

The investigation of the court would be confined to the person's ability to properly handle his estate and

care for himself while living. The judgment of the court was competent evidence to be introduced by appellants as a part of their defense in this case. *In re Will of Van Houton* (1910), 147 Iowa 725, 124 N. W. 886, 140 Am. St. 340. But such judgment is by no means conclusive and is not a bar to the action herein, even as to those who participated in the application for guardianship. *Estate of Manley* v. *Staples* (1890), 62 Vt. 153, 19 Atl. 983, 8 L. R. A. 707. Nor would an adjudication that testator was of unsound mind and incapable of managing his estate have been conclusive that he was incapable of making a valid will. *Harrison* v. *Bishop* (1892), 131 Ind. 161, 30 N. E. 1069, 31 Am. St. 422.

It is claimed by appellants that there is no evidence of undue influence, and hence that issue should have been withdrawn from the jury. We have not taken the pains to separate the competent evidence on this subject from the incompetent to determine this question, because the judgment must be reversed for the errors which we have indicated.

Appellants claim other errors in instructions than the one to which we have referred. We are reversing on the first and most apparent error in these instructions and have not investigated the other claimed errors, because the mistakes, if there are any, will probably not occur on retrial. The instructions are too voluminous and should be limited. The court gave in all forty-five instructions, which covered twenty-seven pages of printed brief. It is hardly possible to avoid error where instructions are so prolix. Such extended instructions lead to needless repetition. This has been repeatedly condemned. *Robbins, Exr.,* v. *Fugit, supra,* and cases there cited.

The judgment is reversed, with instructions to sustain appellants' motion for a new trial.