## FLAMION *v.* DAWES.

[No. 13,521.   Filed December 12, 1929.   Rehearing denied March 21, 1930.   Transfer denied May 14, 1930.]

*Fenton, Steers, Beasley & Klee* and *McGinnis, Waller & McGinnis,* for appellant.

*L. N. Savage, U. B. Ewing, L. A. Savage* and *W. F. Dudine,* for appellee.

NICHOLS, J.—Action by appellee to recover damages for the wrongful death of her daughter, Jessie Killams, age 13 years, who was killed in an automobile accident in Perry County, Indiana. The complaint is in two paragraphs.

The first paragraph alleges that appellant approached the car in which appellee's daughter was riding, traveling in the same direction and to the right of the traveled portion of said highway at a dangerous and reckless rate of speed; and, without warning, purposely, recklessly and carelessly attempted to pass and did pass the automobile in which appellee's daughter was riding while it was upon a narrow levee and fill; that, by reason of a curve in said highway and its running down a hill, and the dust created by the passing of a coal truck, appellant did not have a clear and unobstructed view of said highway for a distance of 500 feet at the time he attempted to pass; that the automobile in which appellee's daughter was riding was being driven on the right-hand side of said highway, and as near the edge of the embankment as safety would permit; that appellant, in attempting to pass the automobile in which appellee's daughter was then riding, struck it with his truck with great force and violence; that, by reason of appellant so striking the car in which appellee's daughter was riding,

and wholly without any fault or negligence of the daughter or the driver of the automobile, such automobile was thrown from the highway and down said embankment on the left-hand side of said highway and overturned, and the daughter was thrown against the concrete bulkhead or abutment of a drain and the automobile was thrown upon her, crushing and wounding her, and thereby causing her immediate death.

The second paragraph alleges that appellant crowded in toward the automobile, forcing the driver thereof to drive so far to the right of the traveled part of the surface of said highway as to cause the right hand wheels of said automobile to slip off the right side of the embankment or levee, under fear of imminent danger of being struck by the truck; that the driver of the automobile in which appellee's daughter was riding being alarmed and disconcerted by the reckless, negligent and careless driving of appellant, lost control of his automobile while attempting to regain the traveled roadbed, skidding in the loose gravel and clay on the right side of the embankment, and was thrown down the embankment on the left-hand side of said highway while appellee's daughter was riding therein, and she was thrown against the concrete bulkhead or abutment of the drain, and the automobile in which she was riding thrown upon her, causing her death.

Appellant's motion to make the first paragraph more specific, his motion to require appellee to state facts in each paragraph to support conclusions, and his demurrer to each paragraph of the complaint were each overruled.

There was a trial by jury resulting in a verdict against appellant for $2,500, and judgment was rendered on the verdict. Appellant's motion for a new trial was overruled, and this appeal followed. The errors relied on for reversal are the respective rulings of the court.

We have stated briefly the respective paragraphs of

complaint filed by appellee, and, from this statement of the contents thereof, it is apparent that the court did not err in overruling appellant's motion to make more specific. Each paragraph was sufficient to apprise appellant of the nature of the charge against him and to show that appellant's negligence was the proximate cause of the death of the daughter. The evidentiary facts which appellant sought to have embraced in the complaint were not necessary. Each paragraph of complaint was sufficient to withstand appellant's demurrer.

Appellant does not contend that the evidence was insufficient to sustain the verdict, but does contend that certain evidence, hereinafter considered, was improperly admitted.

It appears by the evidence that, about two miles to the south of the place of the accident, and a few minutes before, witness Lonnie Landman met the automobile driven by appellee's husband, and in which she and the daughter and another little girl were riding, and, at the same time, appellant came up, going in the same direction as the Dawes car, and that appellant attempted to pass at a place where there was a curve; that he met Landman, who, in order to avoid a collision, went into the ditch. Appellee testified that, the first she knew, appellant's truck was coming right at them from the rear, and they gave him the road and took the ditch, a small ditch. She noticed the Landman car approaching from the opposite direction, and that he also took the ditch, and that there still was not room for appellant to pass, and so he fell back. Appellant testified that he followed appellee's car, in which the little girls were riding, about two miles, all the way out to McCallister schoolhouse (near which the accident occurred), during which time, the little girls were looking back through the back light, and, when he overtook them

the little girls were looking out through the back light and saw him coming. Appellee's husband also testified as to this first occurrence, and then testified that he saw appellant again on the fill (the place of the accident) through his mirror as he came up behind at what looked like a pretty high rate of speed. He thought appellant wanted to pass, and pulled over to the shoulder of the road as far as he could, and appellant kept coming up to him, and ran into him, hitting his bumper with the rear right wheel of appellant's car. Appellant objected to this evidence of the first occurrence as being too remote, and now contends that its admission was error for which the judgment should be reversed. But we are not in harmony with the contention. We hold that the first occurrence when the two cars were forced to the ditch by appellant, and when he failed to pass, and his following the Dawes car so closely thereafter that he could see the little girls looking through the back window or light, and his second attempt to pass at the place of a curve, and on the fill, constituting such a dangerous place, which resulted in the accident, were one continuous action, making all of the acts of the parties during this time competent as part of the *res gestae,* helping to explain the conduct and motives of the parties at the time of the accident. In *Daywitt* v. *Daywitt* (1917), 63 Ind. App. 444, 114 N. E. 694, in passing upon the admissibility of evidence, the court said: "The term *'res gestae'* includes the surrounding facts of a transaction, and the accompanying declarations as well, to explain the act done, or for showing a motive for the acting. . . . 'Circumstances and declarations which are contemporaneous with the main fact under consideration, or so nearly related to it as to illustrate its character and the state of mind, sentiments or dispositions of the actors are parts of the *res gestae.*'"

If, under circumstances such as here, appellee's hus-

band became alarmed and disconcerted, and as a result lost control of the automobile in which the little girl was riding, while he was attempting to regain the traveled roadway, the proximate cause of the accident was the careless and negligent, if not the reckless, conduct of appellant.

During the progress of the trial, a juror became sick, and the trial was suspended until in the afternoon, at which time, because of the sickness, it became necessary to continue the trial from that day, October 15, 1928, to October 22, 1928, at which time the trial was resumed. Appellant moved the court to discharge the jury and declare a mistrial because of the sickness of the juror, which motion was overruled, and appellant now contends that this action of the court constituted error for which there should be reversal. We hold that the court did not err in this regard. The rule that should control under such circumstances is thus expressed in 17 Am. & Eng. Ency. of Law (2nd ed.) p. 1251: "While the illness of a juror may be ground for his discharge, if it is of a merely temporary character, it is proper to wait a reasonable time for his recovery; and if he recovers so far as to permit the trial to proceed, and he is not mentally incapacitated by his sickness, the verdict will not be disturbed."

Appellant moved to withdraw the cause and the submission thereof from the jury because of the misconduct of one of the attorneys for appellee in making the following statement to the jury during his argument: "I don't know how they (referring to appellant's attorneys) are paid, whether by per cent on the amount they save the defendant, or [by] his insurance company." Again appellant moved the court to withdraw the cause and the submission thereof from the jury because of the misconduct of another one of appellee's attorneys in stating to the jury during argument

that, "They [appellant's attorneys] are very solicitous about the dollars of the defendant, or his insurance company." Each of these motions was overruled, and these rulings are respectively presented as error requiring a reversal of the judgment. This court and the Supreme Court have held that it is proper to interrogate the jury on *voir dire*, in good faith, to find out if any of them have business connections with an insurance company that might be interested in the case. While we still adhere to these holdings, we are impressed that the good faith of such *voir dire* examinations should clearly appear. Generally, it is not competent for counsel to show to the jury that the defendant is insured against loss imposed by law on him as a result of an automobile accident, and generally it is not competent for counsel to comment on this fact to the jury. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429; *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76; *Burford* v. *Dautrich* (1914), 55 Ind. App. 384, 103 N. E. 953; *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *Norris* v. *West* (1921), 78 Ind. App. 391, 129 N. E. 862; *Taggart* v. *Keebler* (1926), 198 Ind. 633, 154 N. E. 485.

But here, appellant testified on cross-examination, so far as appears, without objection and voluntarily, that "I didn't go around to see the folks. The insurance adjuster said to leave things alone. After I learned about the death of the little girl, I didn't go back home. I went to see the insurance adjuster. He told me not to do anything about it. Mr. George was the insurance agent who called me. The insurance company was State Automobile Insurance Company. I had liability and property damage coverage under the policy." Thus it appears that appellant voluntarily gave evidence that he carried insurance, and he cannot, after giving such evidence, complain that appellee commented thereon, and where, as here, the verdict is fully supported by the

evidence, and a right result was reached, though such conduct is not to be commended, the judgment will not be reversed by reason thereof. *Vandalia Coal Co.* v. *Price, supra.*

We have examined the instructions of which appellant complains, and we find no error in any of them.

Judgment affirmed.