William R. Alexander, Appellant, v. Ulysses S. Sullivan, Appellee.

Gen. No. 9,584.

44

Opinion filed March 12, 1948.   Released for publication April 7, 1948.

CASSIDY, SLOAN & CRUTCHER, of Peoria, for appellant.

KNOBLOCK, McCONNELL & KENNEDY and WILLIAM C. NICOL, all of Peoria, for appellee; LOUIS F. KNOBLOCK and WILLIAM C. NICOL, both of Peoria, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal by the plaintiff appellant, William R. Alexander, from a judgment of the circuit court in favor of the defendant appellee, Ulysses S. Sullivan, based on the verdict of a jury in an automobile collision case finding the defendant not guilty.

No question of pleading is involved.

The collision occurred about 7:30 a. m. on October 27, 1944, in the City of Pekin in the intersection of Park avenue and Eighth street.

Park avenue runs east and west and Eighth street runs north and south. The plaintiff was driving his car north and the defendant was driving his car west. The left front of the defendant's car struck the plaintiff's car immediately in front of the right rear door.

The plaintiff's testimony showed or tended to show that he received substantial injuries to his person.

The plaintiff contends that the verdict is against the manifest weight of the evidence. We are inclined to agree with this contention, but inasmuch as the case must be reversed and remanded for a new trial because of erroneous instructions, we make no further comment on the evidence.

Because of the conflict in the evidence, the law required that the instructions given in behalf of the defendant state the law with accuracy and be free of error which might mislead the jury. (*Peters v. Madigan*, 262 Ill. App. 417.)

The only instruction given for the plaintiff was one which covered the measure of damages. Seventeen instructions were given at the request of the defendant.

The words "guilty" and "not guilty" were repeated twelve times in defendant's instructions, and in such instructions it was stated eleven times that the plaintiff could not recover or words to that effect, and the simple question of the burden of proof was repeated twenty-one times in defendant's instructions. We consider such repetition wholly unnecessary and prejudicial.

No. 7 told the jury that if they believed from the evidence that any witness made statements at any time at variance with his testimony "concerning material matter" then they might determine to what extent this tended to impeach him. In *People v. Flynn*, 378 Ill. 351, 355, and in *People v. Wells*, 380 Ill. 347, 357, similar language in instructions was held error because it did not tell the jury what facts were material.

No. 9 stated that if the jury believed from the evidence that the defendant exercised at the time and place in question ordinary care to avoid injury to the plaintiff, then they should find the defendant not guilty. This instruction ignored the question of whether the

defendant was guilty of negligence in placing himself in that situation. A similar instruction was held to be error in *Edwards v. Hill-Thomas Lime & Cement Co.,* 378 Ill. 180, 187.

No. 10 stated that before the plaintiff could recover he must prove he was actually in the exercise of due care and caution for his own safety. No. 16 stated that the plaintiff must prove that any of his alleged injuries really exist. The words "actually" and "really" were argumentative and put undue emphasis on what the plaintiff had to prove. (See *Cleveland, C., C. & St. L. R. Co. v. Trimmell,* 75 Ill. App. 585, 591.)

No. 11 concluded with the words: "and this rule as to burden of proof is binding in law and must govern the jury in deciding this case. The jury have no right to disregard this rule or to adopt any other in lieu thereof, but in weighing the evidence and in coming to a verdict, the jury should apply said rule and adhere strictly to it." The quoted part of the instruction was argumentative and unduly emphasized the rule of law stated in such instruction. Such quoted language was no more appropriate than it would have been if added to each of the eighteen given instructions.

No. 12 stated that the law did not presume that the defendant was guilty of the charges against him, but on the contrary the law presumed that the defendant was not guilty of the specific charges. While the burden of proof was on the plaintiff, we do not understand that in a case of this nature there is any presumption of law whatever as to the guilt or innocence of the defendant. Such instruction then stated it was the duty of the jury to find the defendant not guilty, unless they found that the plaintiff was guilty "of no want of ordinary care for his own safety or to avoid injury on the occasion . . . ." This was also an erroneous statement of the law. The plaintiff might have been guilty of some "want of ordinary care," but

in order to bar his recovery, his negligence or want of ordinary care must have proximately contributed to cause his injury. (See *Miller v. Burch*, 254 Ill. App. 387.)

No. 14 stated that a city ordinance provided that the operator of a vehicle shall give the right of way to the operator of a vehicle approaching along an intersecting street from the right. The instruction then stated that the operator of a vehicle in approaching an intersection from the right is entitled to the right of way when on his left on an intersecting street another vehicle is approaching whose driver, in the exercise of due care and while considering the distance of each vehicle from the point of intersection of their paths of travel and the speed of approach of each vehicle to said point of intersection, would or should see that unless he yield the right of way the vehicles might or would collide. This instruction was an incorrect statement of the law and was very misleading on the particular facts. There were no stop signs on either street. The defendant, whose car was to the right, testified that he first saw the plaintiff's car at a time when it was entering the intersection and when he, the defendant, was 35 feet east of the intersection, and that he immediately applied his brakes, but they "were not effective" and he ran into the plaintiff's car. The instruction in substance and effect placed no duty whatever on the defendant and told the jury that the defendant's car had the right of way regardless of its speed and what distance it was away from the intersection when the plaintiff's car entered the intersection. In *Salmon v. Wilson*, 227 Ill. App. 286, 288, the court said: "It (the statute) does not contemplate that the right may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within the recognized limits of speed, the latter will reach the line of crossing before the former will reach the intersection. Under the state of facts in

this case plaintiff might reasonably have presumed that defendant would not exceed the speed limits fixed by statute, and that he would be able to cross the intersection before defendant's car reached it. Under the claim of right of way defendant certainly had no right to keep up a speed that was prima facie a violation of the law and run down one who was observing the law." The citator shows that such statement in the *Salmon* case has been approved in seven subsequent decisions of our Appellate Court. In *Heidler Hardware Lumber Co. v. Wilson & Bennett Mfg. Co.*, 243 Ill. App. 89, 96, the court said: "It (the statute) does not contemplate that the right may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within the recognized limits of speed, the latter will reach the line of crossing before the former will reach the intersection."

No. 15 concluded with the words, "no juror should consent to a verdict which does not meet the approval of his own judgment and conscience." This instruction tended to encourage a disagreement and should not be given when the case is again tried. (*City of Evanston v. Richards*, 224 Ill. 444; *People v. LeMorte*, 289 Ill. 11.)

Nos. 16 and 17 stated that if the evidence was evenly balanced the plaintiff could not recover. While such instructions were held improper in *Hughes v. Medendorp*, 294 Ill. App. 424, and *Healy v. New York Cent. R. Co.*, 326 Ill. App. 556, it is our opinion that the clear weight of authority holds such instructions proper. (See *Chicago Union Traction Co. v. Mee*, 218 Ill. 9; *Koshinski v. Illinois Steel Co.*, 231 Ill. 198; *Stivers v. Black & Co.*, 315 Ill. App. 38; *Stollery v. Sprague*, 301 Ill. App. 209; *Johnson v. Gustafson*, 233 Ill. App. 216, and *Barretta v. Chicago Rys. Co.*, 214 Ill. App. 455.)

Because of the giving of erroneous instructions the judgment of the circuit court is reversed and the cause is remanded to such court for a new trial.

*Reversed and remanded for a new trial.*