WHITE *v.* EVANSVILLE AMERICAN LEGION HOME ASSOCIATION.

[No. 30,852. Filed October 15, 1965. Rehearing denied November 22, 1965.]

*John H. Jennings* and *Harold M. Wilson, Jr.,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellee.

LANDIS, J.—This cause reaches us on petition to transfer from the Appellate Court pursuant to Rule 2-23, the Appellate Court's opinion appearing in 207 N. E. 2d 820.

Appellant brought suit in the trial court for damages, for personal injuries allegedly sustained as a result of appellee's negligence in furnishing appellant a defective chair in appellee's amusement hall.

The questions presented on this appeal grow out of the trial before a jury upon the second paragraph of appellant's complaint and the answers thereto filed, which resulted in a verdict and judgment for appellee-defendant.

Among the errors urged in the motion for new trial, the overruling of which is assigned as error on this appeal, are the giving of numerous instructions, two of which will have our particular attention on this appeal.

Appellant contends error was committed in the giving over objection of instruction No. 5 which was as follows:

"The law recognizes the possibility of a mere accident, that is, an occurrence which is no way due to the negligence of any one. Therefore, if you find from the evidence that the injuries complained of by the plaintiff in this case were the result of a mere accident, there can be no recovery by the plaintiff Anna Mary White."

In our recent opinion in the case of *Miller* v. *Alvey* (1965), 246 Ind. page 560, 207 N. E. 2d 633, we had before us an instruction on pure accident, the giving of which we held to be reversible error.

It has been argued we held in *Miller* v. *Alvey, supra,* that an instruction on "pure accident" or "unavoidable accident" was proper if there was evidence to support such an instruction. That construction is completely at variance with a careful reading of our opinion in which we pointed out that the expressions "pure accident" or "unavoidable accident" had no particular connotation in modern pleading of negligence cases, that such expressions were ambiguous and confusing to lay jurors, their use in instruc-

tions was undesirable and unwise, and we disapproved any statements in prior decisions which could be construed to the contrary. Consistent with *Miller* v. *Alvey,* we must hold it was error for the court to give instruction No. 5.

Appellant has further contended on this appeal the court erred in giving instruction No. 35, which stated as follows, viz:

"You are instructed that Anna Mary White is the only plaintiff and Evansville American Legion Home Association is the only defendant in this case, and that there is no evidence in this case that there is any other party, plaintiff or defendant, interested in its outcome."

As we further pointed out in *Miller* v. *Alvey, supra,* (at p. 568 of 246 Ind., and pp. 637, 638 of 207 N. E. 2d) :

"Decisions of this state recognize the rule that in an action for damages growing out of an automobile accident evidence as to insurance carried by the defendant is ordinarily inadmissible not only because it is irrelevant but because it tends to prejudice the jury against the defendant. See: *Martin* v. *Lilly* (1919), 188 Ind. 139, 146, 121 N. E. 443, 445; *Flamion v. Dawes* (1929), 91 Ind. App. 394, 400, 169 N. E. 60, 62; See also: *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 295, 183 N. E. 2d 815, 818.
"Conversely, evidence as to the failure of the defendant to carry insurance is likewise generally inadmissible on the ground of irrelevancy and as improperly tending to arouse sympathy for a defendant that he would personally have to pay the amount of any verdict the jury might return.
"Similarly, instructions which call to the jury's attention these improper matters are likewise objectionable. Instruction No. 9 given at defendant-appellee's request telling the jury that the plaintiff and the defendant were the only parties and that no one but such parties were interested in the outcome of the case is not to be commended as it was an apparent attempt to indicate to the jury that the defendant did not carry liability insurance, or the fact of insurance would have been proved by evidence introduced, when this matter was certainly not a proper or relevant issue for their consideration."

It follows therefore that it was error for the court to give instruction No. 35.

The appellant has further argued strenuously that the additional forty-three instructions tendered by appellee were so numerous and voluminous that appellant's attorney could not carefully study each of them with sufficient detail to detect all the errors therein and that it was physically impossible for the court to do so without unduly delaying and impeding the trial of the cause. The court gave in all thirty-nine instructions. We must concede that there comes a time in the tendering of instructions when their mere magnitude reaches a point beyond reason. Without fixing a limitation as to what is reasonable, we must point out that sheer numbers of tendered instructions will at times make it physically impossible for opposing attorneys or the court to perform their duty in the examination of such instructions. When that point is reached, the answer may be that this Court will not require, under such a situation, that specific objections be made to each of such tendered instructions because of the impossibility, and hold that the trial court may refuse to give such tendered instructions in its discretion when they become so numerous.

We refer to *Emry* v. *Beaver* (1922), 192 Ind. 471, 475, 137 N. E. 55, 56, wherein it was stated:

> "Appellants claim other errors in instructions than the one to which we have referred. We are reversing on the first and most apparent error in these instructions and have not investigated the other claimed errors, because the mistakes, if there are any, will probably not occur on re-trial. The instructions are too voluminous and should be limited. The court gave in all forty-five instructions, which covered twenty-seven pages of printed brief. It is hardly possible to avoid error where instructions are so prolix. Such extended instructions lead to needless repetition. This has been repeatedly condemned. *Robbins, Exr.,* v. *Fugit, supra,* and cases there cited.
>
> "The judgment is reversed, with instructions to sustain appellants' motion for a new trial."

Appellant further claims that the jury was "brain-washed" by the giving of a large number of mandatory instructions

to return a verdict for the appellee. In this case the court told the jury eighteen different times, in substance, that the plaintiff could not recover or that their verdict should be for the defendant in certain events.

Mandatory instructions are not the best type of instructions to give to a jury. The jury can very easily conclude that the trial judge, for whom a jury has a great deal of respect, is urging them repeatedly to return a verdict for one of the parties. It has been said in *Baker* v. *Thompson* (1949), 337 Ill. App. 327, 335, 85 N. E. 2d 924, 927:

"'* * * *When the court tells* them repeatedly that 'the plaintiff cannot recover' or that 'they must find the defendant not guilty,' the jury may believe that the court is of the opinion that the verdict should be for the defendant. No one coming into our courts for redress of wrongs done them should be required to bear the onus of this disadvantage.

"In view of the foregoing, it is our opinion that the plaintiff-appellant is entitled to a new trial.

"Judgment reversed and remanded." (Our emphasis.)

See also: *Bean* v. *Gorby* (1956), 80 Ariz. 25, 28, 292 P. 2d 199, 201; *Alexander* v. *Sullivan* (1948), 334 Ill. App. 42, 45, 78 N. E. 2d 333, 335; *Vance* v. *Wells* (1959), 129 Ind. App. 659, 666, 159 N. E. 2d 586, 589.

It is our opinion that a court should reluctantly give a mandatory instruction and the tendering of such instructions by a party should be avoided. Where an instruction may be framed to state or cover the principle of law without the mandatory language therein to return a verdict for one or the other of the parties, it is not error for a trial court to refuse such a tendered mandatory instruction. We need not pass specifically upon these instructions in this case for the reason that this appeal is reversed upon the points stated previously. However, we make the foregoing observations for the guidance of the trial court and the litigants in the hope that these questions may to a large extent be eliminated by the use of discretion in the trial below.

It is not necessary to discuss the remaining contentions of error, as they are not likely to arise on a retrial.

Judgment reversed with instructions to sustain the motion for new trial.

Myers, and Arterburn, JJ., concur. Achor, J., concurs in result. Jackson, C. J., dissents with opinion following.

## DISSENT

JACKSON, C. J.—I am unable to agree with the conclusion reached by the majority opinion herein. For that reason I dissent thereto.

The factual situation in the record in this case discloses that this is the fourth time that this case has been tried, the original action having been filed in the Vanderburgh Probate Court in March 1954. The cause was thereafter venued to the Warrick Circuit Court, trial was had therein before a jury resulting in a verdict in favor of the appellant in the sum of $18,000. An appeal was perfected from the judgment rendered therein to the Appellate Court and was transferred from the Appellate Court to this Court pursuant to Acts 1901, ch. 247, § 15, p. 565, § 4-209, Burns' 1946 Replacement. On December 2, 1958, this court reversed said cause and remanded the same to the trial court with instructions to grant a new trial. This Court denied rehearing therein on January 13, 1959. In the case previously tried and appealed the appellee there, appellant here, claims that the inference of negligence arose in this case under the doctrine of *res ipsa loquitur*, that contention was held invalid by this Court in said cause, and in reversing and remanding said cause with instructions to grant a new trial this Court there said "[t]he only question remaining is whether there is any evidence of negligence proximately causing the injury." This Court also answered that question on the succeeding page, which in pertinent part, reads as follows:

"We believe there is not. In oral argument before us, counsel for appellee was not able to point out any specific

item of negligence. It was urged however, that the inspection and testing of the chairs before their use should have been more thorough. There is no independent duty to make inspection upon which negligence can be based. The duty to inspect arises from knowledge of possible defects or their reasonable probability. There is no showing here that the appellant had any previous knowledge of the defective chair or had cause to suspect the chairs were defective. The undisputed evidence is to the contrary." *Evansville American Legion, etc. v. White* (1959), 239 Ind. 138, 141, 154 N. E. 2d 109.

For further discussion of the proceedings heretofore had in the case now before us reference is had to *White* v. *Evansville American Legion Home Assn.* (1965), 207 N. E. 2d 820. In the interest of brevity we deem it unnecessary to repeat in this opinion the procedural steps heretofore had and therein set forth.

I point out that the law of the case as established by this court by its opinion of December 2, 1958, [*Evansville American Legion etc.* v. *White, supra*] precludes recovery by the appellant herein and requires denial of transfer in the action now before us.

Under the circumstances existing in the case at bar, the previous determination and decision of this court, no new evidence as to negligence having been adduced in the case at bar, makes the giving or refusing to give instruction No. 5 immaterial because under the law of the case as heretofore enunciated this Court had determined "[i]n oral argument before us, counsel for appellee was not able to point out any specific item of negligence." *Evansville American Legion, etc.* v. *White, supra.*

Further the rule as to "pure accident" attempted to be imposed by the majority opinion in the case of *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, is pure dicta, not applicable in said case for the reason that appellant there was a guest in the automobile driven by the appellee. Trial by jury was had resulting in a negative verdict denying plaintiff-

appellee any recovery. Appellant there having the burden of proving wilful and wanton negligence and having failed to sustain that burden was not entitled to recover. On the state of the record in said cause, the determination by this Court that the instruction complained of constituted reversible error, was not germane to the issues to be determined on appeal and is certainly not applicable in the case at bar.

Appellant further complains that instruction No. 35 was erroneous and constituted reversible error. Again we point out that under the law of the case heretofore established by this Court, the giving of said instruction could not be harmful to the appellant, and the giving or refusal to give such instruction would be immaterial, and would be neither helpful nor harmful in the determination of the issues in this cause. Under other circumstances and in another case such an instruction might well be prejudicial, harmful or cause for reversal, but in the instant case appellant was neither harmed nor benefited by the giving of the instruction and the court did not therein commit reversible error.

We further point out that in the cause now under consideration there was a judgment against the appellant and in favor of the appellee on the first paragraph of appellant's complaint as amended by interlineation. No motion for a new trial was ever filed with reference to the judgment rendered on said amended paragraph one of appellant's complaint, nor was there any appeal taken or perfected from the judgment rendered on said amended paragraph one of appellant's complaint.

In conclusion I wish to specifically call attention to the language of this Court's opinion in the former appeal [*Evansville American Legion, etc.* v. *White* (1959), 239 Ind. 138, 154 N. E. 2d 109]. In pertinent part the same at page 139 reads as follows:

> "The pertinent parts of the evidence show that the appellee, Mrs. White, and her sister, attended a bingo game on the evening of the accident and bought tickets from

the appellant for that purpose. After entering the hall she selected a chair at a table and pulled it out and sat down on it and the chair immediately collapsed. The chair involved was a metal folding chair put together with rivets and welding. An examination of the chair after the accident showed that the curl on the end of the rivet holding the two right legs of the chair together had been sheared or broken off. The place where the curl had come off was bright and shiny, not oxidized or corroded. It showed a recent shearing off. We do not find any dispute in the evidence as to this fact."

Again referring to the language of this Court on page 141 we find the former opinion reads in pertinent part "[t]here is no showing here that the appellant had any previous knowledge of the defective chair or had cause to suspect the chairs were defective. *The undisputed evidence is to the contrary.*" [Emphasis supplied.]

The evidence adduced at the first trial and that adduced in the case at bar is, so far as the writer of this opinion is able to determine, practically identical. That being the case, in view of the former opinion of this court, [*Evansville American Legion, etc.* v. *White, supra*] the doctrine of res judicata applies and appellant here cannot recover. *Lieb* v. *Lichtenstein* (1890), 121 Ind. 483, 23 N. E. 284; *Cutler* v. *Cox* (1828), 2 Blackford 178; *United Oil etc., Co.* v. *Ellsworth* (1909), 43 Ind. App. 670, 88 N. E. 362.

The petition to transfer should be denied.

NOTE.—Reported in 210 N. E. 2d 845.