Town of Little Mackinaw, situated in Tazewell County, Illinois, Plaintiff-Appellant, v. Don M. Chism, Defendant-Appellee.

Gen. No. 9,786.

Opinion filed November 6, 1951. Released for publication December 3, 1951.

DEMPSEY & KUHFUSS, of Pekin, for appellant.

WILLIAM R. BACH, WILLIAM J. BACH, and L. EARL BACH, all of Bloomington, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The defendant-appellee, Don M. Chism, hereinafter called the defendant, through his agent, operated a truck loaded with a heavy bulldozer and blade upon and over a bridge known as Beal Bridge in Little Mackinaw Township in Tazewell county, Illinois. While so doing, the bridge collapsed. The first trial resulted in a disagreement. In the second suit by the Township for damages, a jury found the defendant not guilty. The plaintiff-appellant, The Town of Little Mackinaw, hereinafter called the plaintiff, has brought this appeal, claiming the verdict to be against the manifest weight of the testimony and urging errors in the court's instructions to the jury.

The bridge was located one-half mile south of the Village of Minier and approximately one-fourth mile east on an east and west gravel State Aid road. It was called a pony truss type bridge with a truss on either side about 6 feet high. It was 14 feet between trusses and the bridge had a span of approximately 50 feet. The floor was a concrete deck resting on I-beams and cross-I-beams. The entire weight of the bridge and its load was carried on the trusses by reason of tie rods. The ends of the trusses rested on strong abutments or piers. The trusses were made of 6-inch channel iron with plates riveted on top and bottom, making box girders about 10 inches or a foot wide.

While the bridge was nearly 60 years old, there was no evidence of it being other than in a good state of repair. The truck of the defendant, including its load, weighed 16 tons. No signs restricting the load capacity of any vehicle were placed in the vicinity of the bridge.

The plaintiff contends that the manifest weight of the evidence proves the plaintiff's theory of the case that the bulldozer which was being carried by the truck extended over the sides of the truck and struck and cut the truss of the bridge, causing the bridge to collapse.

There were no witnesses who testified to having seen any portion of either the truck or the bulldozer strike the truss of the bridge. The only persons present at the time of the damage were the driver of the truck and a man named Smith who was leading the way for the truck driver to follow. Both witnesses denied that the bridge was struck. The verdict indicated that the jury believed this testimony. There was testimony of a fresh, bright cut in the south truss of the portion which had been the top west end of the bridge. While there is no dispute about the presence of the cut, there is no testimony as to how it occurred. The plaintiff relies on the inference that it was done by the blade of the bulldozer. There was some proof that the blade of the bulldozer was bent. This circumstantial evidence apparently did not convince the jury that the defendant struck the bridge with the bulldozer. To hold that the jury should have so concluded we would have to be of the opinion that the minds of all reasonable men agree that the damage to the bridge was caused by being struck by the bulldozer. The facts do not warrant such an opinion on the part of this court. If the jury believed the bridge had not been cut by the bulldozer, we must respect that opinion, as they were in attendance at the trial and heard and saw the witnesses as they testified, and had an opportunity to weigh their testimony in the light of the physical facts,

585

and evidently believed the testimony of the witnesses. On the record in this case we cannot say that the verdict is manifestly against the weight of the evidence. The question whether the bridge collapsed by reason of being struck by the bulldozer through the defendant's negligence or from some other reason, was a question for the jury to determine, and this court will not substitute its judgment for the verdict of the jury unless the evidence is clearly insufficient to support the verdict. *Connelly v. Schutte,* 334 Ill. App. 227.

In view of the finding of the jury of not guilty, it is unnecessary to consider the accuracy of the instructions given by the trial court relative to damages, as no determination of the amount or extent of the plaintiff's damages by the jury was necessary.

■ Plaintiff contends that certain instructions given at the request of the defendant were erroneous, and complains of instruction Number 4 which reads:

"You are instructed that the plaintiff is required to prove its case by a preponderance of the evidence before it can recover.

"If the plaintiff in this case has not so proved its case, or if the evidence is evenly balanced, or if you are in doubt and unable to say on which side is the preponderance, then in either of these cases the verdict should be not guilty."

While there has been some conflict in the opinion involving this instruction, the weight of authority in Illinois holds that such instruction is proper. *Alexander v. Sullivan,* 334 Ill. App. 42.

■ It is also contended that instruction Number 5 given as submitted by the defendant was misleading. It reads as follows:

"The jury are instructed that the only act of negligence charged in the complaint is that the truck of the defendant was so negligently operated that the blade

of the bulldozer, being transported on and by said truck, cut and damaged the banister and framework, causing it to collapse. The burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the damage to said bridge, if any, was caused in the manner charged. It is not sufficient that you believe from the evidence that the damage to the bridge, if any, was or could have been caused by any other condition to the existence of which the defendant may have contributed.''

Plaintiff contends that this instruction tends to mislead the jury to believe that the plaintiff must prove by direct testimony that the blade struck the bridge and that it is argumentative. We do not gather this impression from the instruction as given. The issues in this case were narrowed to one charge of negligence in that the defendant negligently and carelessly drove the truck onto the bridge in such a manner that the blade of the bulldozer cut and damaged the bridge, and the defendant was entitled to have the jury consider only that which was charged. This instruction could not have excluded any inferences which might have been reasonably drawn. The plaintiff could have offered and requested an instruction on circumstantial evidence and obviated any doubt about the point, but no such instruction was offered.

It might be well to note that the plaintiff offered and requested five instructions, which were as to the form of the verdict and covered the question of damages. Three of the offered instructions were given. No instructions were tendered by the plaintiff covering the law of negligence or in any way attempting to inform the jury on any other important phases of the case.

Defendant's instruction Number 7, which is claimed to be erroneous, is as follows:

587

"You are instructed that if you find from all the evidence that the proximate cause of the collapse of the bridge was the weight of the vehicle and its load, and the only act of the Defendant which contributed to the collapse of the bridge was the attempted crossing of the bridge with a load too heavy for the then condition of the bridge, then you should find the Defendant not guilty."

The plaintiff contends that this instruction is argumentative and based on the hypothetical state of facts in that there is no evidence in the record that the bridge was not in a proper condition to carry the particular load. It is argued that the proof showed that prior to the incident heavier loads had safely crossed the bridge, and this instruction is contrary to the evidence.

There is no dispute but that the bridge fell, and if the falling were not caused by a collision, then it is a logical conclusion that the load was too heavy for the condition of the bridge. That must be what the jury thought. The fact that heavier loads had negotiated the bridge before it collapsed with the defendant is certainly not conclusive of the strength of the bridge. The previous use of the bridge by vehicles weighing far in excess of the defendant's truck could well have weakened the bridge. Certainly the defendant is entitled to an instruction on his theory of the case. A party has the right to have submitted any hypothetical case the testimony tends to sustain. *The Chicago Union Traction Co. v. Browdy*, 206 Ill. 615. The giving of this instruction was not error.

The defendant's instruction Number 9, given by the court, complained of by the plaintiff, is as follows:

"The Court instructs the jury that you should not consider the question of damages in this case until you

588

have first determined whether or not the Defendant is liable for the damage, or some part thereof, claimed by the Plaintiff, and if you find upon the evidence and under the instructions of the Court, that the Defendant is not liable to the Plaintiff, then you will have no occasion at all to consider the question of damages.

"The fact that the Court has given any instruction on the subject of the Plaintiff's damages, if any, or that Defendant's counsel has discussed such subject, is not to be taken by you as any intimation on the part of the Court or any intimation on the part of the Defendant that the Defendant is liable for the loss and damage complained of."

The second paragraph of this instruction could well have been a separate instruction so that it might have been read other than as a part of the law stated in the first paragraph. The intimation referred to in the second paragraph of this instruction should have been "that the defendant is *or is not* liable for the loss and damage complained of." (Italics ours.) However, the jury being otherwise well instructed, this does not necessitate a reversal. The same is true of instruction Number 10 offered by the defendant and given by the court. It could not have mislead the jury and if error it was harmless under the facts in this case in that it only instructed the jury that the burden of proving the damages alleged was upon the plaintiff, and that the jury had no right to speculate or conjecture that the damage, if any, was the result of the negligence alleged in the absence of any proof of that fact.

The record discloses that the case was fairly tried, all of the evidence taken together clearly supports the verdict, and the jury was properly instructed.

The judgment of the circuit court of Tazewell county is affirmed.

*Affirmed.*